David M. BEST, II, Appellant,

v.

RYAN AUTO GROUP, INC. d/b/a
Ryan Oldsmobile, Appellee.

No. 2–88–059–CV.

Court of Appeals of Texas,
Fort Worth.

April 6, 1989.
Rehearing Denied May 18, 1989.

Liddell, Sapp, Zivley, Hill & Laboon and Edwin R. DeYoung and David F. Brown, Dallas, for appellant.

Law Offices of J. Shelby Sharpe, and J. Shelby Sharpe, Fort Worth, for appellee.

Before WEAVER, C.J., and FARRIS and KELTNER, JJ.

OPINION

FARRIS, Justice.

This case involves a contract by which appellee Ryan sold appellant Best a Harley–Davidson dealership and a lease agreement whereby Ryan leased Best the building in which the dealership was located. Best's points of error on appeal all complain that the trial court erred in disregarding the jury's answers to questions and granting judgment notwithstanding the verdict in favor of Ryan.

We affirm the judgment of the trial court because there is no evidence that the damages found by the jury resulted from either Ryan's misrepresentations of the contract or breach of an express warranty of title.

Ryan sold Best an existing Harley–Davidson dealership conveying to Best an inventory of motorcycles, subject to a lien securing ITT, which had "floor planned" the Ryan dealership. Best testified he had an agreement with Ryan to use its existing floor plan with ITT. David Ryan, Ryan's president, testified he had agreed to allow Best the temporary use of the Ryan floor plan until such time as Best could make his own financial arrangements. Best sold some of the motorcycle inventory paying Ryan who, in turn, paid ITT under the floor plan arrangement.

For reasons which are not entirely clear from the record, ITT sued Ryan on the floor plan arrangement it had with Ryan and sequestered the remaining motorcycles. David Ryan testified that ITT contacted him and told him it considered its

collateral in jeopardy. Neither side offered any other evidence of the circumstances related to the ITT floor plan or its suit against Ryan. After recovery of the motorcycles, ITT dismissed suit against Ryan.

The sequestration of the motorcycles effectively put Best out of business. Ryan then sued Best for rent due under the lease agreement, conversion of property and attorneys' fees. Best, alleging Ryan failed to comply with the terms of the sales contract, sued Ryan for breach of contract, breach of warranty and attorneys' fees under the Deceptive Trade Practices Act. TEX.BUS. & COM.CODE ANN. secs. 17.-46, 17.50 (Vernon 1987). The two suits were consolidated and tried to a jury. After the jury found in favor of both Ryan on its claims and Best on his, the trial court granted Ryan's motion to disregard the jury's answers in favor of Best. Best does not challenge on appeal the jury award and judgment in favor of Ryan on the claims of unpaid rent, conversion, and attorneys' fees.

The trial court submitted two groups of issues on Ryan's liability for any damages suffered by Best, inquiring whether (1) Ryan, through its sales contract with Best, represented the contract conferred rights, remedies or obligations which it did not have or involve; and (2) Ryan breached any express warranty of title contained in the sales contract and bill of sale. The jury answered "Yes" to both questions and further found that both the representation and breach were knowingly made and the producing cause of damage to Best. The jury also found that $79,500 would compensate Best for damages for additional net profit, which Best would have made but for the representation or breach, and awarded exemplary damages of $15,700. We affirm the judgment of the trial court because the evidence of damages contained in the record is of damages that resulted because of ITT's sequestration of the motorcycles and there is no evidence to tie those damages to either a misrepresentation of the contract or a breach of warranty.

A trial court may render judgment notwithstanding the verdict of the jury if a directed verdict would have been proper, and may disregard any jury finding on a question that has no support in the evidence. TEX.R.CIV.P. 268, 301. A directed verdict is proper if the evidence is insufficient to raise an issue of fact as to one or more fact propositions which must be established for the proponent to be entitled to judgment. *McCarley v. Hopkins*, 687 S.W. 2d 510, 512 (Tex.App.—Houston [1st Dist.] 1985, no writ); *Rowland v. City of Corpus Christi*, 620 S.W.2d 930, 932–33 (Tex.Civ. App.—Corpus Christi 1981, writ ref'd n.r. e.); *Ottis v. Haas*, 569 S.W.2d 508, 512 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

■ The record contains evidence that Ryan represented to Best that he could make use of its floor plan to finance his inventory. There is also evidence that Ryan misrepresented the status that Best would enjoy as a Harley–Davidson dealership, including the ability to buy parts and vehicles. However, there is no evidence that ties Best's testimony of damages to the theories of liability submitted to the jury. Best's testimony ties the damages that he suffered to the sequestration of the motorcycles by ITT. There is nothing in the record to show that the sequestration resulted from either a misrepresentation by Ryan of contract rights, remedies or obligations or breach of any express warranty of title. After reviewing all evidence in a light most favorable to the jury's findings and disregarding all evidence and inferences to the contrary, we find the trial court properly disregarded the jury's finding of damages resulting from either a misrepresentation or breach because there is no evidence in support of such finding. *See Trenholm v. Ratcliff*, 646 S.W.2d 927, 931 (Tex.1983).

■ We also find the trial court properly disregarded the jury's finding of exemplary damages because that submission was dependent upon a determination of actual damages. We overrule point of error one.

Having found no evidence to support the jury's finding of damages, it is unnecessary

that we consider appellant's points of error complaining that the trial court erred in disregarding the jury's answers to the other elements of the misrepresentation and breach of warranty theories which were submitted to it.

The judgment of the trial court is affirmed.