**David M. BEST II, Petitioner,**

v.

**RYAN AUTO GROUP, INC. d/b/a Ryan Oldsmobile, Respondents.**

No. C–8813.

Supreme Court of Texas.

March 21, 1990.

Rehearing Overruled May 2, 1990.

David F. Brown and Gregory N. Woods, Dallas, for petitioner.

J. Shelby Sharpe, Fort Worth, for respondents.

PER CURIAM.

The opinion and judgment of November 22, 1989 are withdrawn, and the following is substituted therefor.

This case involves the issue of whether there was any evidence at trial to support specific jury findings regarding violation of the Deceptive Trade Practices Act, Tex. Bus. & Com.Code §§ 17.41–17.63.

Respondent Ryan Oldsmobile sold petitioner David Best an existing Harley–Davidson Motorcycle "dealership" for $100,000, including an inventory of motor-cycles subject to a lien securing International Telephone & Telegraph Diversified Credit Corporation, which had "floor-planned" the Ryan dealership. After Best took possession of the dealership, ITT sued Ryan and repossessed the motorcycles. Because Best's purchase of the "dealership" did not include the ability to purchase more inventory from Harley–Davidson, he was effectively out of business. Best then sued Ryan for, among other things, violation of DTPA § 17.46(b)(12).

The jury found that Ryan misrepresented the contract conveying the dealership, and that the misrepresentation was knowingly made and the producing cause of damage to Best. The jury also found that $79,500 would compensate Best for damages for additional net profit, which he would have made but for the misrepresentation, and awarded him exemplary damages of $15,700. The trial court set aside these jury findings, however, and rendered judgment notwithstanding the verdict for Ryan. The court of appeals affirmed "because the evidence of damages contained in the record is of damages that resulted because of ITT's sequestration of the motorcycles and there is no evidence to tie those damages to ... a misrepresentation of the contract." 768 S.W.2d 956, 957.

A trial court may render judgment n.o.v. if there is no evidence to support one or more jury findings on issues necessary to liability. Tex.R.Civ.P. 301. In determining a "no evidence" question, however, a court must consider only that evidence and reasonable inferences therefrom that tend to support the jury findings, disregarding all contrary evidence and inferences. *King v. Bauer*, 688 S.W.2d 845 (Tex.1985). Here, as the court of appeals conceded, there is evidence "that Ryan misrepresented the status that Best would enjoy as a Harley–Davidson dealership, including the ability to buy parts and vehicles." 768 S.W.2d at 957. More specifically, Best testified that Ryan misrepresented to him at the time of sale that he would "be able to buy parts and vehicles as Mr. Ryan had been buying." Clearly, this is some evidence from which the jury could

reasonably conclude that Best purchased the dealership with the specific understanding that he would be able to purchase inventory as needed from Harley–Davidson and, therefore, that Ryan's misrepresentation was a producing cause of Best's subsequent damages. The court of appeals' opinion is therefore in conflict with our holding in *King v. Bauer, supra.*

Accordingly, pursuant to Tex.R.App.P. 133(b), a majority of this Court, without hearing oral argument, grants Best's application for writ of error and reverses the judgment of the court of appeals in part, and judgment is here rendered for Best in the amount of $79,500 for actual damages and $15,700 for exemplary damages. In all other respects, the judgment of the court of appeals is affirmed.