Vond 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-230-CV





MERLE JAY VONDRASEK, 



 APPELLANT


vs.





MAGDALENA VONDRASEK,



 APPELLEE




 




FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. 90-0222, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING




 





 Merle Vondrasek has appealed an order of the trial court increasing his monthly
child support payments. In his first two points of error, appellant challenges the sufficiency of
the evidence supporting the court's determination of his monthly net resources. In his third point,
appellant alleges that the trial court abused its discretion in ascertaining this figure. We overrule
each of these points and affirm the decision of the trial court.



BACKGROUND


 In February of 1978, Merle and Magdalena Vondrasek divorced. Magdalena was
named managing conservator of their child, Joseph. Merle was ordered to pay $100 a month in
child support. In February of 1990, Magdalena sought to increase the existing child support
payments. After a hearing, the trial court ordered Merle to pay:  1) child support of $450 per
month; 2) the premium costs of Joseph's coverage under his mother's health insurance policy; 3)
one-half of Joseph's impending orthodontist's bill; and 4) one-half of the costs of Joseph's other
uncovered health-care expenses. It is from this order that Merle appeals.



ANALYSIS


Sufficiency Of The Evidence.

 In its order, the trial court set forth findings that appellant's monthly net resources
were $2250 and that appellee's monthly net resources were $1300. The court then calculated
twenty percent of appellant's net resources to arrive at child support of $450 per month, plus the
cost of health insurance and one-half of all uncovered health-care expenses, including immediately
scheduled orthodontia work. In so doing, it applied the percentage called for in the statutory
guidelines. See Tex. Fam. Code Ann. § 14.055 (Supp. 1991). (1) Appellant complains that there
is no evidence, or insufficient evidence, to support the finding that his monthly net resources
totalled $2250. We examine both contentions.

 In reviewing appellant's no evidence claim, we consider only the evidence and
inferences that tend to support the finding, and disregard all evidence and inferences to the
contrary. Best v. Ryan Auto Group, Inc, 786 S.W.2d 670, 671 (Tex. 1990); Stafford v. Stafford,
726 S.W.2d 14, 16 (Tex. 1987). If there is more than a scintilla of evidence to support the
finding, the no-evidence challenge fails. Stafford at 16. Any probative evidence supporting the
finding will be sufficient to overrule the point of error. William Powers & Jack Ratliff, Another
Look at "No Evidence" and "Insufficient Evidence", 69 Tex. L. Rev. 515 (1991); Robert W.
Calvert, No Evidence and Insufficient Evidence Points of Error, 38 Tex. L. Rev. 361, 364 (1960). 

 Reviewing the record, we find sufficient evidence to support the judge's finding
that appellant's monthly net resources were at least $2250. In direct examination, and in his
answers to interrogatories which were introduced in evidence, appellant testified to the receipt of
some $28,000 in sale proceeds. The Family Code includes capital gains and gifts in its definition
of net resources. § 14.053(b). Additionally, appellee introduced a summary of statements from
appellant's combined bank accounts showing deposits totalling $152,541 in the last nine months
of 1989, and totalling $192,147 for the twelve months before trial. The trial court could have
concluded that the bank records were a more accurate reflection of appellant's gross income than
his unaudited profit and loss statements or his 1989 tax return. In addition to the summaries of
appellant's bank deposits and the evidence of the $28,000 in sale proceeds, appellee also
introduced evidence that appellant received gifts from his mother. The trial court could have
included all of this in its determination of appellant's monthly net resources. Sufficient evidence
exists in the record to defeat appellant's no-evidence challenge and it is overruled.

 Similarly, appellant's challenge to the factual sufficiency of the evidence also fails. 
In reviewing an insufficient-evidence point, we must examine all of the evidence in the entire
record, including any evidence contrary to the judgment. Plas-Tex. Inc. v. U.S. Steel Corp., 772
S.W.2d 442, 445 (Tex. 1989); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). We must
determine whether the evidence supporting the finding is so weak or the evidence to the contrary
so overwhelming that the finding is clearly wrong and manifestly unjust. Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986); Garza, 395 S.W.2d at 823; In re King's Estate, 244 S.W.2d 660,
661 (Tex. 1951). 

 Although appellant introduced profit and loss sheets from his business showing
net income of only $10,590 in 1989 (approximately $882 monthly), and showing net monthly
income of approximately $729 in the first four months of 1990, the Family Code directs the court
to take a critical look at self-employment income and to exclude certain expenses that may be
allowable under federal income tax law, including "depreciation, tax credits, or any other business
expenses shown by the evidence to be inappropriate to the determination of income for the
purpose of calculating child support." § 14.053(c).

 Appellee's counsel elicited testimony that certain of the "business expenses"
appellant reported on his business profit and loss statements included the mortgage, insurance,
property taxes and utilities on his home. There was sufficient testimony for the court to believe
that appellant had deducted other personal expenses, including his car expenses, from his business
income.

 "Net resources" is a term of art. Considering all the sources of income set forth
in § 14.053(b) of the Family Code, the court is to determine gross monthly income of the obligor,
from which it is to subtract 1) federal income tax calculated for a single taxpayer claiming one
personal exemption and taking the standard deduction; 2) the appropriate amount of social security
for an employee or a self-employed individual; 3) union dues; and 4) expenses for health
insurance coverage for the obligor's child, to arrive at the obligor's monthly net resources. Next
the court is to apply to the monthly net resources figure the percentage set forth in the guidelines
for the support of a child to determine an equitable amount of monthly child support. See
§ 14.055. For the trial court's ease of calculation, the Attorney General is charged with
promulgating tax charts each year using the actual income tax rate and Social Security withholding
rate for that year to set forth the monthly net resources calculation for gross income between $100
and $10,000 per month. Separate tables are prepared for self-employed individuals and for
employees.

 Referring to the 1989 Tax Charts for Self-Employed Persons promulgated by the
Attorney General, the trial court would have had to find that appellant had $3300 gross income
per month to support its finding that his monthly net resources totalled $2250. See Tex. Att'y
Gen., Tax Charts (1989), reprinted in Tex. Fam. Code Ann. § 14.053 app. (Supp. 1990). The
court was free to take into account the actual bank deposits of $152,541 for nine months of 1989,
an average of $16,949 monthly, and to make its own calculation of what should be deducted as
reasonable business expenses rather than accepting all of the "business expenses" that appellant
claimed. We think that average monthly deposits of $16,949 in 1989 would support the court's
determination that after expenses appellant earned gross income of at least $3300 monthly.

 The court could well have believed that appellant was attempting to make his
business appear less profitable than its economic potential would otherwise suggest. Appellee's
counsel elicited testimony from appellant that his business had taken a turn for the worse at the
very time he divorced:  "At the time when we got a divorce, it was my worst year in business." 
In such cases, the court may apply the statutory guidelines to the earning potential of the obligor,
"[i]f the actual income of the obligor is significantly less than what the obligor could earn because
the obligor is intentionally unemployed or underemployed."  § 14.053(f). The court might have
considered additional evidence that the obligor:  1) owned real property with a net value exceeding
$150,000, 2) owned four automobiles, 3) was making payments on credit card debts exceeding
$6000, and 4) was purchasing real property in another county.

 The trial court is the sole judge of the credibility of the witnesses and the weight
to be given to their testimony. We cannot say that the evidence adduced is too weak to support
the trial court's finding. The court's finding that appellant's monthly net resources totalled $2250
is not so against the weight of the evidence as to be manifestly unjust or clearly wrong. 
Appellant's second point is overruled.



Abuse of Discretion.

 Having overruled appellant's first two points of error, we find no merit in his third
point that the trial court abused its discretion in setting his monthly net resources at $2250. The
test for abuse of discretion is whether the court acted without reference to any guiding rules and
principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert.
denied 476 U.S. 1159 (1986) (citations omitted). In setting child support, the trial court "shall
be guided by the child support guidelines contained in Sections 14.052 through 14.058 of this
chapter for the support of a child." § 14.05(a). The court, after exercising its discretion as
factfinder to determine appellant's actual self-employment income, applied the statutory guidelines
to that income to calculate the amount of monthly child support. We cannot say that it acted
arbitrarily without reference to guiding rules and principles. Appellant's third point is overruled.



CONCLUSION


 We affirm the order of the trial court.



 

 Bea Ann Smith, Justice

[Before Justices Powers, Jones, and B. A. Smith] 

Affirmed

Filed: December 11, 1991

[Do Not Publish]

1. [1] Unless otherwise noted, all statutory references are to the Tex. Fam. Code Ann., ch. 14
(Supp. 1991).