**Thomas B. McDADE, Appellant,**

v.

**TEXAS COMMERCE BANK, NATIONAL ASSOCIATION, Appellee.**

No. 01–91–00442–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 27, 1991.

Rehearing Denied Feb. 6, 1992.

David L. Burgert, Warren W. Harris, Michael D. Kirby, Houston, for appellant.

Joseph D. Chevens, Travis Sales, Jane A. Nenninger, Houston, for appellee.

Before DUNN, SAM BASS and HUGHES, JJ.

OPINION

DUNN, Justice.

Thomas B. McDade appeals the judgment non obstante veredicto entered, after a trial to the jury, in favor of Texas Commerce Bank (TCB).

In June 1985, McDade retired from TCB after serving as an employee and officer at TCB for 27 years. On August 15, 1985, McDade deposited the funds he received from his TCB thrift plan in a "money market plus" account at TCB. McDade testified that he intended that the funds be deposited in an individual retirement account (IRA), and thought Gayle Songy, the bank officer who opened McDade's account, had deposited his funds in a money market IRA. McDade testified that he told Songy he wanted to open an IRA account with a short term maturity, and that Songy talked to him about only IRAs before he opened his new account.

Songy testified that she never discussed IRAs with McDade. Songy also testified that she did not talk to McDade about any new checking accounts that TCB was offering at the time. She stated that McDade never mentioned any IRAs he had or that he wished to open an IRA account. Songy testified that she would not have been able to open an IRA account for McDade because she worked in the personal banking section of TCB, which section did not open IRA accounts. She stated that if she had known McDade wished to open an IRA account, she would have taken him to bank personnel located in the special accounts section of the bank, which does open IRA accounts.

In October 1985, McDade instructed TCB to transfer the proceeds from an IRA cer-

tificate of deposit that had matured, and which McDade had opened before he opened the August 15, 1985 account, into the account he had opened on August 15th. Although the normal procedure and practice of TCB was to provide bank customers who transferred funds from a tax-deferred IRA to a taxable checking account with a form that indicated whether the customer wanted federal income tax withheld from the funds to be transferred, TCB did not provide McDade with this form or inform McDade that he must complete the form for the Internal Revenue Service (IRS). Grover Thomas Collins, Jr., an employee at TCB, testified that a customer was legally required to complete the form.

In January 1986, McDade received IRS form 1099 from TCB. The form reflected that taxable interest had been paid on the account McDade thought was a money market IRA. On January 30, 1986, McDade spoke to Collins about what he thought was a mistake on his 1099 form. Collins conducted a computer search and discovered that the account McDade opened on August 15, 1985, was a taxable money market account, not an IRA. McDade testified that he first discovered the August 15 account was opened as a regular money market account and not as an IRA when he talked to Collins. McDade asked Collins to correct what he believed to be a mistake in the bank records, but Collins told McDade he did not have the authority to make any changes because the Internal Revenue Code allows a person only 60 days to "rollover" money in an existing tax-deferred account into an existing or new tax-deferred IRA. If the funds are not "rolled over" into an IRA within the 60 days, the funds will be taxable income for that year. McDade then contacted other officers at TCB, but no one ever corrected the bank records as McDade thought they should have been corrected.

On January 29, 1988, McDade filed suit against TCB for breach of contract, breach of fiduciary duty, negligence, and violations of the Texas Deceptive Trade Practices–Consumer Act (DTPA). TEX.BUS. & COM. CODE ANN. § 17.41 et seq. (Vernon 1987). McDade's DTPA claims included assertions of misrepresentation under TEX.BUS. & COM. CODE ANN. § 17.50(a)(1) (Vernon 1987) and breach of an express warranty under TEX. BUS. & COM.CODE ANN. § 17.50(a)(2) (Vernon 1987).

The jury returned a verdict in favor of McDade, and found: 1) McDade discovered or should have discovered that he had not "rolled over" the eligible part of his thrift plan funds into an IRA on January 30, 1986; 2) TCB expressly warranted that the account Songy opened for McDade on August 15, 1985, was an IRA; 3) TCB breached the express warranty and the breach was a proximate cause of damages to McDade; 4) TCB engaged in false, misleading, or deceptive acts or practices that were a producing cause of damages to McDade; 5) TCB was 95 per cent negligent in proximately causing McDade to mistakenly open a regular money market account and not an IRA; 6) McDade had suffered damages in the amount of $239,528.00; and 7) 5 per cent of McDade's damages were proximately caused by McDade's negligence. The trial court entered judgment based on the jury findings.

TCB filed a motion for judgment non obstante veredicto, asserting: 1) there was no evidence to support the jury's finding that TCB created an express warranty to McDade that the account opened on August 15, 1985, was an IRA; 2) there was no evidence to support the jury's finding that TCB had violated the DTPA because receiving funds for deposit is not a good or service under the DTPA, and there was no evidence that TCB made any representations to McDade as to the quality of any goods or services; and 3) McDade's negligence cause of action was barred as a matter of law by the statute of limitations.

The trial court granted TCB's motion for judgment non obstante veredicto, holding that: 1) McDade was not entitled to recover under his breach of warranty cause of action as a matter of law; and 2) all of McDade's claims were barred by the statute of limitations.

In his second point of error, McDade contends the trial court erred in disregard-

ing the jury's finding that McDade discovered or should have discovered TCB's error on January 30, 1986.

A motion to disregard a jury finding may be granted only if the finding has no support in the evidence or the issue is immaterial. *C. & R. Transp., Inc. v. Campbell,* 406 S.W.2d 191, 194 (Tex.1966). In reviewing the granting of a motion for judgment n.o.v., an appellate court must determine whether there is any evidence upon which the jury could have made the finding. We must review the record in the light most favorable to the jury finding, considering only the evidence and inferences that tend to support the jury finding and disregarding all evidence and inferences contrary to the finding. *Best v. Ryan Auto Group, Inc.,* 786 S.W.2d 670, 671 (Tex.1990). If there is more than a scintilla of competent evidence to support the jury's finding, the judgment n.o.v. will be reversed. *Navarette v. Temple Indep. School Dist.,* 706 S.W.2d 308, 309 (Tex. 1986).

We must determine if there is more than a scintilla of probative evidence to support the jury's finding that McDade discovered, or should have discovered, his injury on January 30, 1986. We must review the record in the light most favorable to the jury finding, considering only the evidence and inferences that tend to support the jury finding and disregarding all evidence and inferences contrary to the finding. *Best,* 786 S.W.2d at 671.

McDade testified that after he received the 1099 form from TCB, he went to TCB in order to correct what he believed was a mistake concerning the 1099 form. McDade talked to Grover Collins and Jean Dupree on January 30, 1986, about what he believed to be an error on the 1099 form. Before that date, McDade testified that he thought TCB had made a mistake on the 1099 form because TCB frequently made mistakes on those forms. Grover Collins testified that when he told McDade that the account he opened on August 15, 1985, was not an IRA, McDade was disturbed and surprised. McDade testified that before January 30, 1986, he believed the account

he opened in August 1985 was a money market IRA. McDade stated that he did not know that the account had been opened as a regular money market account until January 30, 1986.

The testimony of McDade and the TCB employees presents more than a scintilla of probative evidence to support the jury's finding that McDade discovered or should have discovered his injury on January 30, 1986. McDade filed his lawsuit against TCB on January 29, 1988, within two years of the date he discovered or should have discovered his injury; therefore, his negligence DTPA cause of action was not barred by the statute of limitations.

McDade's second point of error is sustained.

In his first point of error, McDade asserts the trial court committed reversible error in finding, in the judgment non obstante veredicto, that his DTPA claims were barred by the statute of limitations because the issue of whether the DTPA claims were barred was not raised in TCB's motion for judgment non obstante veredicto.

Rule 301 of the Texas Rules of Civil Procedure provides:

> The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any jury finding on a question that has no support in the evidence.

A trial court may not grant a judgment n.o.v. absent a proper motion seeking such relief. *Olin Corp. v. Cargo Carriers, Inc.,* 673 S.W.2d 211, 213 (Tex.App.—Houston [14th Dist.] 1984, no writ).

Here, the trial court granted a judgment notwithstanding the verdict on TCB's motion for judgment n.o.v. McDade cites no

authority for the proposition that a trial court may grant a judgment n.o.v. on only the grounds raised in the motion for judgment n.o.v. In the *Olin* case, cited by McDade to support his argument that a court may not grant a judgment n.o.v. on grounds other than those raised in the motion for judgment n.o.v., the trial court erred in granting a judgment n.o.v. because no party had filed *any* motion for judgment n.o.v. *Id.* at 213.

In *Dittberner v. Bell,* 558 S.W.2d 527 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.), a case McDade relies on to support his argument, the court found that the trial court erred in granting a judgment n.o.v. because the party filing what was entitled a motion for judgment n.o.v. did not assert in the motion "that any issue submitted to the jury was without support in the evidence, or that any fact was conclusively established contrary to the jury's finding." *Id.* at 532. Therefore, the motion was not, in substance, a motion for judgment n.o.v. *Id.* at 531–32. Here, TCB did file a motion for judgment n.o.v., and the trial court granted the motion. TCB did assert there was no evidence to support two of the jury's findings. Therefore, the trial court was not prevented from ruling on whether the DTPA claim was barred by the statute of limitations.

McDade's first point of error is overruled.

In his third point of error, McDade asserts that the trial court erred in disregarding the jury's finding that TCB breached its express warranty to McDade because there was some evidence to support the jury's finding.

A motion to disregard a jury finding may be granted only if the finding has no support in the evidence or the issue is immaterial. *C. & R. Transp.,* 406 S.W.2d at 194. In reviewing the granting of a motion for judgment n.o.v., an appellate court must determine whether there is any evidence upon which the jury could have made the finding. We must review the record in the light most favorable to the jury finding, considering only the evidence and inferences that tend to support the jury finding and

disregarding all evidence and inferences contrary to the finding. *Best,* 786 S.W.2d at 671. If there is more than a scintilla of competent evidence to support the jury's finding, the judgment n.o.v. will be reversed. *Navarette,* 706 S.W.2d at 309.

■ "An express warranty is created when a seller makes an affirmation of fact or a promise to the purchaser, which relates to the sale and warrants a conformity to the affirmation as promised." *McCrea v. Cubilla Condominium Corp.,* 685 S.W.2d 755, 757 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). In order to recover on an express warranty under the DTPA, McDade must prove that he is a consumer, that a warranty was made, the warranty was breached, and that as a result of the breach, an injury resulted. *Superior Trucks, Inc. v. Allen,* 664 S.W.2d 136, 142 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); TEX.BUS. & COM.CODE ANN. § 17.45(4) (Vernon 1989). The DTPA does not create any warranties; a warranty must be established independently of the act. *La Sara Grain v. First National Bank of Mercedes,* 673 S.W.2d 558, 565 (Tex.1984).

■ Reviewing the record in the light most favorable to the jury finding, we hold that there is more than a mere scintilla of evidence to support the jury's finding that TCB breached an express warranty to McDade.

McDade testified that he talked to Songy about IRAs only. He testified that Songy told him about a new money market IRA and explained the features of the money market IRA. McDade also testified that he told Songy he wished to open a money market IRA she had described. Although McDade did not recall Songy stating that the account he opened was a money market IRA account, he told Songy he wished to open the IRA account she had described. After Songy received instructions from McDade to open a money market IRA, she deposited his checks into a regular money market account.

Songy's conduct affirmed the fact that she was opening an IRA for McDade. Son-

gy did not say that she was not opening an IRA. She received McDade's funds and deposited them after he gave her specific instructions to open an IRA. This conduct constitutes an affirmation of the fact that Songy was opening an IRA.

McDade also presented some probative evidence that he was a consumer under the DTPA because he was an individual seeking, by purchase, services. *La Sara Grain*, 673 S.W.2d at 565; Tex.Bus. & Com. Code Ann. § 17.45(4) (Vernon 1989). TCB relies on *Riverside National Bank v. Lewis*, 603 S.W.2d 169 (Tex.1980), to support its argument that McDade was not a consumer under the DTPA. In *Riverside,* Lewis borrowed money from Riverside Bank in order to avoid repossession of his car. *Id.* at 173. The court held that Lewis could not bring a DTPA action against the bank because Lewis was not a consumer under the DTPA. *Id.* at 173. The court held that Lewis did not seek to acquire by purchase any services because money is not a service nor is seeking to acquire the use of money a seeking of a service. *Id.* at 174.

McDade asserts that the *La Sara Grain* case is controlling in this case. In *La Sara Grain,* the plaintiff brought, among others, a DTPA cause of action against First National Bank for paying checks without the required number of signatures on the checks. *Id.* at 561. The court held that La Sara Grain was a consumer under the DTPA because "the services provided by a bank in connection with a checking account are within the scope of the DTPA." *Id.* at 564.

We hold the facts in this case more closely resemble those in the *La Sara Grain* case. Here, McDade was seeking to purchase the services TCB provided as an IRA trustee. McDade did more than seek to deposit money in an account; he sought to purchase TCB's services as an IRA trustee.

McDade also presented some probative evidence that TCB breached the warranty that the account opened was an IRA, because Songy opened a regular money market account. McDade presented some probative evidence that he suffered an injury as a result of the breach because he had to pay income tax on the funds he deposited with TCB on August 15, 1985; whereas, he would not have had to pay income tax on the funds had they been deposited in an IRA. Therefore, McDade presented more than a scintilla of evidence to support the jury's finding that TCB had breached its express warranty, and that McDade should recover on an express warranty under the DTPA. *Superior Trucks, Inc.,* 664 S.W.2d at 142.

McDade's third point of error is sustained.

In his fourth point of error, McDade contends that the trial court committed reversible error in ruling, in the judgment non obstante veredicto, that his negligence claims were barred by the statute of limitations.

■ When applying limitation statutes, a cause of action generally accrues when "the wrongful act effects an injury, regardless of when the plaintiff learned of such injury." *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990). The discovery rule is an exception to the general rule and operates to "toll the running of the period of limitations until the time that the plaintiff discovers, or through the exercise of reasonable care and diligence should discover, the nature of his injury. *Id.* Texas courts have applied the discovery rule in cases where an injured party did not, and could not, know of his injury at the time it occurred, and where the statute of limitations left the word "accrual" undefined. *Id.*

■ In this case, it is undisputed that the two-year statute of limitations applies to McDade's negligence cause of action. Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986). The parties dispute when McDade's negligence cause of action accrued.

We hold that, under the facts of this case, the discovery rule should be applied to determine when McDade's negligence cause of action accrued. The statute of limitations that applies in this case does not define the word "accrual." Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986).

McDade testified that he did not know of the injury TCB's negligence caused him at the time it occurred. McDade was not familiar with the types of accounts offered by TCB. McDade relied on Songy to open the proper account and to prepare all the necessary documents to open an IRA, because of her knowledge of TCB's accounts and her experience and training in opening new accounts. Therefore, he could not have known of his injury at the time he suffered the injury, i.e., when Songy opened the wrong type of account.

Next, we must determine if there is more than a scintilla of probative evidence to support the jury's finding that McDade discovered, or should have discovered, that his injury on January 30, 1986. We must review the record in the light most favorable to the jury finding, considering only the evidence and inferences that tend to support the jury finding and disregarding all evidence and inferences contrary to the finding. *Best,* 786 S.W.2d at 671.

We determined, under McDade's second point of error, that there was more than a scintilla of probative evidence to support the jury's finding that McDade discovered, or should have discovered, his injury on January 30, 1986.

McDade's fourth point of error is sustained.

Due to the disposition of points of error one through four, we do not address McDade's remaining points of error.

■ When an appellate court holds that a trial court has erroneously entered a judgment n.o.v., the appellate court must reverse the trial court's judgment and enter judgment in accordance with the verdict, unless "the appellee presents by cross-points grounds sufficient to vitiate the jury's verdict or to prevent an affirmance of the judgment had one been entered on the verdict. *Jackson v. Ewton,* 411 S.W.2d 715, 717 (Tex.1967); *Gonzales v. Southwestern Bell Tel. Co.,* 555 S.W.2d 219, 222–23 (Tex.Civ.App.—Corpus Christi 1977, no writ).

In its first and second cross-points of error, TCB asserts that there is no evidence to support the jury's finding that McDade discovered, or should have discovered, his injury on January 30, 1986; or alternatively, the finding was against the great weight and preponderance of the evidence.

As discussed above, there was more than a scintilla to support the jury's finding; therefore, TCB's no evidence point is overruled. We next address TCB's factual sufficiency point of error.

■ In reaching a decision regarding an against the great weight and preponderance point of error, an appellate court must examine all of the evidence; and, after considering and weighing all of the evidence, it should set aside the judgment only if the finding is so against the great weight and preponderance of the evidence that the judgment is clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986).

■ Jean Dupree and Grover Collins, employees for TCB, testified that McDade talked to them about the mistake on his 1099 form on January 30, 1986. McDade testified that he did not know the account Songy opened was a regular money market account until he talked to Dupree and Collins. Collins stated that McDade was disturbed and surprised when told that the account he opened on August 15, 1985, was not an IRA. In February 1986, McDade wrote a letter to Steve Walker, executive vice-president at TCB, stating that "around the middle of January, 1986" he learned the August 15, 1985 account did not meet the standards for an IRA.

This constitutes all the evidence concerning the date McDade discovered, or should have discovered, his injury. We hold that this evidence presented a question for the jury to determine, and that the jury's finding was not so against the great weight and preponderance of the evidence that the finding was clearly wrong and unjust. The jury could have believed McDade's testimony, along with that of Dupree and Collins, that he did not discover his injury until January 30, 1986. Because the letter did not state a specific date that McDade learned the account did not meet the stan-

dards of an IRA, the jury could have believed that McDade was not sure of the date he discovered the account was not an IRA, but based on the testimony of McDade, Collins, and Dupree, have found the date of discovery as January 30, 1986.

TCB's first and second cross-points of error are overruled.

In its third cross-point of error, TCB contends that McDade was not a consumer under the DTPA.

As we held in our discussion under McDade's third point of error, McDade was a consumer under the DTPA. *La Sara Grain*, 673 S.W.2d at 564.

TCB's third cross-point of error is overruled.

In its fourth cross-point of error, TCB contends there was no evidence to support the jury's finding that TCB engaged in false, misleading, or deceptive acts or practices.

Reviewing the evidence in the light most favorable to support the jury's verdict, we find that there was more than a scintilla of probative evidence to support the jury's finding.

McDade testified that he asked Songy to open an IRA. McDade testified that he talked to Songy about IRAs only. In receiving McDade's money and depositing the funds in an account that McDade thought was an IRA, Songy misled McDade into believing she had opened an IRA. Therefore, there is more than a scintilla of probative evidence that TCB engaged in a false, misleading, or deceptive act or practice.

TCB's fourth cross-point of error is overruled.

In its fifth cross-point of error, TCB contends the trial court erred in admitting testimony into evidence concerning McDade's damages because the evidence was based on pure speculation.

To obtain reversal of a judgment based on error in the admission or exclusion of evidence, an appellant must show that the trial court's ruling was in error and that the error was calculated to cause, and probably did cause rendition of an im-

proper judgment. *Texaco, Inc. v. Pennzoil, Inc.*, 729 S.W.2d 768, 837 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.).

TCB presents no argument to support this cross-point, and cites no authority in support of its cross-point. Therefore, TCB's fifth cross-point is waived. *Essex Crane Rental Corp. v. Striland Constr. Co., Inc.*, 753 S.W.2d 751 (Tex.App.—Dallas 1988, writ denied).

In its sixth cross-point of error, TCB asserts that there was insufficient evidence to support the jury's award of damages.

A point in a motion for new trial is a prerequisite to complaining on appeal about inadequacy or excessiveness of the damages found by a jury. Tex.R.Civ.P. 324(b)(4). TCB failed to raise a point in its motion for new trial complaining of the amount of damages awarded McDade. Therefore, TCB waived this complaint on appeal.

TCB's sixth cross-point of error is overruled.

The judgment is reversed, and judgment is rendered in accordance with the findings of the jury. The judgment for McDade is actual damages in the amount of $227,551.60, $2000 as the statutory penalty under Tex.Bus. & Com.Code Ann. § 17.50(b) (Vernon 1987), attorney's fees in the amount of $79,379.21, and post judgment interest at the maximum legal rate.