NUMBER 13-99-800-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI






LUIS ALANIS, Appellant,


v.



FRANCISCA MOLI, Appellee.





On appeal from the 275th District Court


of Hidalgo County, Texas.






O P I N I O N



Before Justices Dorsey, Hinojosa, and Rodriguez


Opinion by Justice Dorsey



 This case involves a dispute between a homeowner and a contractor regarding
alleged faulty home renovation work. At the conclusion of trial, the jury found no
liability on the part of the contractor. The trial court then disregarded the jury's
answers to two of the seven questions submitted to the jury and entered judgment
against the contractor for $5,975 plus interest.

 The facts giving rise to this suit are as follows. Francisca Moli entered into a
contract with Luis Alanis of Alanis Contracting Company for renovations to a home
she owned in McAllen, Texas. Moli was to pay Alanis $8,150 for his labor, and Moli
would supply the materials necessary to perform the work. The contract itemized the
work to be done by Alanis, and stated that the work would be done for the amount
of $8,150 (plus or minus $200, plus or minus $800). The contract included numerous
specific projects that Alanis was to perform, including installing tile both in and outside
the house, work in the attic, work in the garage, electrical and plumbing work, painting
and work in the kitchen. The contract also included a provision stating that all work
was to be done in a workman-like manner and in accordance with the codes and
regulations of the City of McAllen, Texas.

 Moli paid Alanis for his work on Fridays while he was working on the project. 
The amounts paid were not always the same, but were in the range of $1,000-$1,500. Alanis received a total of $5,000 for the work that he did on the house. He
left the job uncompleted. Alanis contends that he left because he was no longer being
paid; Moli contends that his work was substandard, so she discontinued payment.

 Moli sued Alanis for violating the DTPA. After presentation of the case to a
jury, the jury returned with negative answers to all the liability questions. That is, the
jury found that Alanis was not liable for breaching any portion of the DTPA with
respect to his work on Moli's home. However, the trial court disregarded two of the
jury's negative answers and entered judgment holding Alanis liable to Moli for $5,975
plus attorney's fees. This figure was in keeping with the jury's answers to Question
5, which asked what amount of money would be required to repair the house, and
what amount of money would compensate Moli for mental anguish suffered because
of this transaction. From this judgment, Alanis appeals.

I. Standard of Review


 A trial court may disregard a jury's findings and grant a motion for judgment
n.o.v. when there is no evidence upon which the jury could have based its findings. 
Wal-Mart Stores, Inc. v. Bolado, 54 S.W.3d 837, 841 (Tex. App.-Corpus Christi
2001, no pet.). See Tex. R. Civ. P. 301; Mancorp, Inc. v. Culpepper, 802 S.W.2d
226, 227 (Tex. 1990). In other words a trial court may render a judgment n.o.v. if a
directed verdict would have been proper. Tex. R. Civ. P. 301; Fort Bend County
Drainage Dist. v. Sbrusch, 818 S.W.2d 392, 394 (Tex. 1991); Bolado, 54 S.W.3d at
841. In reviewing a judgment n.o.v. we determine whether there is any evidence upon
which the jury could have made its findings. Bolado, 54 S.W.3d at 841. We review
the record in the light most favorable to the party in whose favor the jury's verdict has
been rendered, and indulge in that party's favor every reasonable inference deductible
from the evidence. Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc., 960
S.W.2d 41, 48 (Tex. 1998); Bolado, 54 S.W.3d at 841. If there is more than a
scintilla of competent evidence to support the jury's finding we will reverse the
judgment n.o.v. Southern States Transp., Inc. v. State, 774 S.W.2d 639, 640 (Tex.
1989); Bolado, 54 S.W.3d at 841. The evidence supporting a finding amounts to
more than a scintilla if reasonable minds could arrive at the finding given the facts
proved in the particular case. Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499
(Tex. 1995); Bolado, 54 S.W.3d at 841. Appellate courts must consider the evidence
and inferences as they tend to support the jury's verdict and not with a view towards
supporting the trial court's judgment. Mancorp, Inc., 802 S.W.2d at 227-28; Bolado,
54 S.W.3d at 841.

II. Analysis


 Moli argues that the evidence conclusively established, as a matter of law, that
Alanis made an express warranty to do the work in a good, workmanlike manner and
that he failed to do so and/or failed to complete the work. The trial court disregarded
the jury's negative answers to questions two and three.

 The trial court disregarded the jury's findings on the following two questions:

(Question Two):

 Was the failure, if any, of Luis Alanis to comply with a warranty a
producing cause of actual damages to Francisca Moli?"


 "Failure to comply with a warranty" means (1) failing to comply with an
express written or oral warranty; or (2) failure to perform services in a
good and workmanlike manner.


 "Express Warranty" means "any written or oral affirmation of fact or
promise made that relates to services and becomes part of the basis of
the bargain. It is not necessary that formal words such as "Warranty"
or "guarantee" be used or that there be a specific intent to make a
warranty.


(Question Three):

 Did Luis Alanis fail to perform his contractor services in a good and
workmanlike manner, and if so, was this failure a producing cause of
damages to Francisca Moli?"


 "Good and workmanlike manner" means "that quality of work performed
by one who has the knowledge, training or experience necessary for the
successful practice of a trade or occupation and performed in a manner
generally considered proficient by those capable of judging such work."

 We now turn to the question of whether the evidence adduced at trial
conclusively established an affirmative answer to these questions. Moli's case
consisted of testimony from herself and her son detailing various items regarding the
construction project that she contends Alanis did not perform in a "good and
workmanlike manner" or that Alanis's deficient performance thereof amounted to a
breach of warranty. Specifically, she offered testimony about particular flaws in the
work that was performed by Alanis, and testimony that Alanis did not possess the
permits that were required to perform some of the work.

 Alanis testified that he abandoned the project because Moli ran out of money
to pay him. He explained that he had arranged to subcontract out the plumbing and
electrical work that would have required permits he did not have. Essentially, Alanis
attributed the deficiencies in his work to the failure to complete the project. 
Additionally, Alanis offered the testimony of an established general contractor, who
testified that Alanis's work on the Moli project was not substandard.

 The only warranty at issue in this case is the one contained in the contract,
which was a warranty to perform the services rendered in a good and workmanlike
manner. To recover on an express warranty under the DTPA the plaintiff must show
that he or she is a consumer, that a warranty was made, that the warranty was
breached, and that, as a result of the breach, the plaintiff suffered damages. Church
& Dwight Co. v. Huey, 961 S.W.2d 560, 568 (Tex. App.-San Antonio 1997, pet.
denied); McDade v. Texas Commerce Bank, 822 S.W.2d 713, 718 (Tex. App.-
Houston [1st Dist.] 1991, writ denied). Our supreme court has defined "good and
workmanlike" as "that quality of work performed by one who has the knowledge,
training, or experience necessary for the successful practice of a trade or occupation
and performed in a manner generally considered proficient by those capable of judging
such work." Melody Home Mfg. Co. v. Barnes, 741 S.W.2d 349, 354 (Tex. 1987).

 After reviewing the record in the light most favorable to Alanis, and indulging
in his favor every reasonable inference deducible from the evidence we conclude that
the jury could have found that Alanis did not breach any express warranty and that he
performed his services in a good and workmanlike manner. Accordingly, we REVERSE
the trial court's judgment and RENDER that Francisca Moli take nothing by her suit
against Luis Alanis.


 ______________________________

 J. BONNER DORSEY,

 Justice

 Do not publish.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 25th day of July, 2002.