Opinion issued March 17, 2005



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01123-CV




DEBORAH MARTIN, Appellant

V.

U-HAUL COMPANY A/K/A U-HAUL COMPANY OF I-10 WEST, Appellee




On Appeal from County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 745,017




MEMORANDUM OPINION

          This is an appeal of a judgment notwithstanding the verdict (JNOV) rendered
in favor of defendant/appellee, U-Haul Company, a/k/a U-Haul Company of I-10
West (“U-Haul”). After a jury awarded plaintiff/appellant, Deborah Martin,
$45,507.10 in actual damages for negligence and $500,000 in exemplary damages for
gross negligence regarding a U-Haul truck rental, the trial court granted U-Haul’s
motion for JNOV, deleted the jury’s award of $500,000 in exemplary damages, and
gave U-Haul a $14,500 credit for a settlement paid by a severed defendant, resulting
in a judgment of $31,007.10 for negligence. On appeal, neither party challenges the
$31,007.10 judgment for negligence. Rather, Martin argues that the trial court erred
in deleting the award of $500,000 by disregarding the jury’s findings of (1) malice
and (2) exemplary damages. We affirm.
Background
          In December 1998, Martin rented a U-Haul truck to move her belongings from 
a storage facility to her new condominium. While driving on the freeway with her
belongings in the truck, Martin and her sons noticed that black smoke was coming out
from the air conditioning vents and green liquid had spilled onto the truck’s floor. 
After driving to a safe location, Martin called U-Haul and was told a second truck
was available. 
          Martin picked up the second truck with her seven-year-old son. They returned
to the storage facility and transferred all of her belongings from the first truck to the
second truck. As she backed the truck up to the storage facility’s loading dock to
load additional belongings into the truck, the brakes failed. Martin had to use the
truck’s emergency brake to stop. 
          Later in the day, U-Haul provided Martin with a third, and final, truck. After
Martin’s belongings were transferred from the second truck to the third truck, Martin
drove to her condominium. The next day, Martin unloaded all of her belongings from
the truck. When she finished unloading, she attempted to close the truck’s rear door. 
Martin grabbed the door’s handle and pulled it down, but it closed only a quarter of
the way down and stopped. Martin gave the rear door a “little bump,” while still
holding its handle. The rear door flew up, causing an injury to Martin’s arm. After
Martin called U-Haul to report what had happened, a U-Haul repairman came to
inspect the truck. While he was examining the truck’s rear door, a spring ejected
from the truck. The repairman stated that he was glad the spring did not hit him
because of its weight.
          The parties proceeded to trial on negligence and gross negligence. The jury
found in favor of Martin on both causes of action. The jury awarded $45,507.10 in
actual damages and $500,000 in exemplary damages. U-Haul filed a motion for
JNOV, arguing that the trial court should reduce the actual damages award and
disregard the jury’s findings on malice and the amount of exemplary damages
awarded because Martin presented no evidence on either issue. The trial court
granted U-Haul’s JNOV, and this appeal ensued.
 
Analysis
          In her first issue, Martin contends that the trial court erroneously disregarded
the jury’s findings on malice. 
          Standard of Review
          A trial court may disregard a jury’s verdict and render a JNOV if there is no
evidence to support the jury’s findings or if a directed verdict would have been
proper. Brown v. Bank of Galveston, 963 S.W.2d 511, 513 (Tex. 1998). To
determine whether the trial court erred in rendering a JNOV, we consider only the
evidence and reasonable inferences that support the jury’s answers. Best v. Ryan Auto
Group, Inc., 786 S.W.2d 670, 671 (Tex. 1990). In other words, we view the evidence
in the light most favorable to the verdict. See Weirich v. Weirich, 833 S.W.2d 942,
945 (Tex. 1992). If there is more than a scintilla of competent evidence to support
the jury’s findings, this Court should reverse the JNOV. Old Republic Ins. Co. v.
EX-IM Servs. Corp., 920 S.W.2d 393, 396 (Tex. App.—Houston [1st Dist.] 1996, no
writ). When the evidence supporting the finding as a whole rises to a level that would
enable reasonable and fair-minded people to differ in their conclusions, the evidence
comprises more than a scintilla. See Burroughs Wellcome Co. v. Crye, 907 S.W.2d
497, 499 (Tex. 1995).
          Malice
          Exemplary damages are authorized under the Texas Civil Practice and Remedy
Code when the claimant proves by clear and convincing evidence that the harm
results from fraud, malice or gross negligence. Tex. Civ. Prac. & Rem. Code Ann.
§ 41.003(a) (Vernon Supp. 2004-2005). In the trial court, Martin submitted malice
as the predicate for exemplary damages. Under current law, “malice” is defined as
“a specific intent by the defendant to cause substantial injury or harm to the
claimant.” Id. § 41.001(7). When this case was tried, however, the statutory
definition of malice included an alternative gross negligence component. Before
amendment in 2003, malice was defined as:
(A) a specific intent by the defendant to cause substantial injury
or harm to the claimant; or
 
          (B) an act or omission:
 
(i) which when viewed objectively from the standpoint of
the actor at the time of its occurrence involves an extreme
degree of risk, considering the probability and magnitude
of the potential harm to others; and
 
(ii) of which the actor has actual, subjective awareness of
the risk involved, but nevertheless proceeds with conscious
indifference to the rights, safety, or welfare of others.

Act of April 20, 1995, 74th Leg., R.S., ch. 19, § 1, 1995 Tex. Gen. Laws 108, 109,
amended by Act of June 11, 2003, 78th Leg., R.S., ch. 204, § 13.02, 2003 Tex. Gen.
Laws 847, 887. In 2003, the Legislature removed subpart (B) from the malice
definition, recodifying it as the definition of “gross negligence.” See Tex. Civ. Prac.
& Rem. Code Ann. § 41.001(11). Because Martin’s unfortunate experience with U-Haul occurred in 1998, we apply the two-part, pre-2003 definition of malice.
          The first element of malice, “extreme risk,” does not mean a remote possibility
of injury or even a high probability of minor harm, but rather the likelihood of serious
injury to the plaintiff. Mobil Oil Corp. v. Ellender, 968 S.W.2d 917, 921 (Tex. 1998);
Universal Servs. Co. v. Ung, 904 S.W.2d 638, 641 (Tex. 1995); Transp. Ins. Co. v.
Moriel, 879 S.W.2d 10, 22 (Tex. 1994). The harm anticipated must be extraordinary
harm, such as death, grievous physical injury, or financial ruin. See IP Petroleum Co.
v. Wevanco Energy, L.L.C., 116 S.W.3d 888, 897 (Tex. App.—Houston [1st Dist.]
2003, pet. denied). An act or omission that is merely thoughtless, careless, or not
inordinately risky cannot be grossly negligent. Moriel, 879 S.W.2d at 22. 
“Determining whether an act or omission involves extreme risk or peril requires an
examination of the events and circumstances from the viewpoint of the defendant at
the time the events occurred, without viewing the matter in hindsight.” Moriel, 879
S.W.2d at 23. 
          The second element of malice, “actual awareness,” means that the defendant
knew about the peril, but its acts or omissions demonstrated that it did not care. 
Ellender, 968 S.W.2d at 921; Wal-Mart Stores, Inc. v. Alexander, 868 S.W.2d 322,
326 (Tex. 1993). “With regard to the subjective component of gross negligence, it
is the defendant’s state of mind whether the defendant knew about a peril but
nevertheless acted in a way that demonstrated that he did not care about the
consequences that separates ordinary negligence from gross negligence.” Texas Dept.
of Parks and Wildlife v. Miranda, 133 S.W.3d 217, 232 (Tex. 2004). Circumstantial
evidence is sufficient to prove either extreme degree of risk or the actor’s actual
awareness of the risk. Ellender, 968 S.W.2d at 921; Moriel, 879 S.W.2d at 22–23. 
Evidence of simple negligence is not enough, however, to prove either the objective
or subjective elements of gross negligence. Ellender, 968 S.W.2d at 921.
          Extreme Degree of Risk
          On appeal, Martin contends that she presented legally sufficient evidence that
U-Haul’s failure to provide Martin with a safe truck involved an extreme degree of
risk. Specifically, Martin contends that the evidence shows that U-Haul’s customers
expected safe equipment, that U-Haul knew that if safety inspections were not
performed, customers could get hurt, and that U-Haul failed to inspect the truck
before she rented it. Although Martin argues that the extreme degree of risk was U-Haul’s failure to present a safe truck, we construe her argument to mean that U-Haul’s
failure to inspect the truck was an act or omission that involved an extreme degree of
risk.


 Martin provides no analysis of caselaw to support her argument that the facts
in this case rise to the level of malice. Rather, she cites a couple of cases without
explanation, relying primarily on the evidence presented at trial. 
          To prove the first element of malice—“extreme risk”—Martin relies on U-Haul’s Safety Circle Certification Program and the testimony of Monte Hubbard, U-Haul’s Market Company President. The evidence showed the following:
 
(1) U-Haul’s Safety Certification Program is designed to
provide a better and better product and service to more and
more people at a lower and lower cos[t] by ensuring that
every customer receives rental equipment that is safe,
clean, and well-maintained. 
 
(2) Martin’s truck was not inspected in the 30 days before
she rented it—a requirement of U-Haul’s safety policy. 
The last safety certification checklist performed on
Martin’s truck was September 11, 1998, three months
before her injury. 
 
(3) According to Hubbard’s testimony, (a) anyone was
authorized to perform U-Haul’s safety certification checks;
(b) it does not take any expertise or knowledge to perform
a safety certification list; (c) the spring on the truck’s rear
door was rusty; (d) if he had seen the rear door’s spring on
the ground, he would have agreed that there was a safety
issue; (e) it is U-Haul’s responsibility to make sure that
safe equipment gets to its customers; and (f) if a customer
is injured from unsafe equipment, the customer can expect
some responsibility on the part of U-Haul.

          We have reviewed the briefs and the record and conclude that Martin has
presented no evidence supporting the jury’s finding of malice. The closest Martin
comes to meeting her burden is by citing Hubbard’s testimony that, if the truck is not
safe, “people could be hurt.” This testimony, however, does not directly or indirectly
indicate that U-Haul’s failure to inspect the truck in the 30 days prior to Martin
renting it rises to the level of an extreme degree of risk. Nor do the facts of this case
rise to the level of malice as shown in other cases. See Ellender, 968 S.W.2d at
922–24 (benzene exposure resulted in death); Serv-Air, Inc. v. Profitt, 18 S.W.3d 652
(Tex. App.—San Antonio 1999, pet. dism’d by agr.) (releasing a jet plane for flight
with known electrical problems in fuel control system that had not been resolved was
gross and conscious indifference to rights, safety, or welfare of others); General
Motors Corp. v. Iracheta, 90 S.W.3d 725, 739–40 (Tex. App.—San Antonio 2002,
pet. granted) (finding that siphoning of fuel tank which burned and killed automobile
passengers involved an extreme degree of risk). The evidence presented at trial may
have shown that U-Haul acted carelessly, but Martin must show more than ordinary
negligence to sustain the jury’s finding of malice. Because Martin presented no
evidence of malice on the part of U-Haul, we conclude that U-Haul’s apparent failure
to inspect its truck pursuant to the safety certification program within the 30 days
before Martin rented the truck did not create an extreme degree of risk. 
          Actual Awareness
          Furthermore, we conclude that Martin did not present legally sufficient
evidence of the second component of malice. The second component, “actual
awareness,” required Martin to show that U-Haul had to know about the peril, but that
its acts or omissions demonstrated that it did not care. See Ellender, 968 S.W.2d at
921. 
          Martin contends, “U-Haul made a deliberate, conscious decision to ignore its
safety program and procedures and to rent a dangerous truck to Ms. Martin.” To
support this allegation, Martin cites the following evidence:
(1) U-Haul knew that its safety circle certification check was
absolutely essential to its business;
 
(2) U-Haul knew that if the truck was not safe, Ms. Martin could
get hurt;
 
(3) the truck that injured Ms. Martin was to have been inspected
at least 36 times (once very 30 days), yet it received the safety
certification inspection only eight times; and
 
(4) the rear door and springs, the mechanism that injured Martin,
was a specific category of items to be checked in each safety
inspection.

Martin contends that this evidence, plus U-Haul’s having provided her with two other
problematic trucks, shows that U-Haul had actual, subjective awareness of the risk
involved. We disagree. 
          The evidence Martin relies on does not show that U-Haul had actual awareness
of the risk involved—in this case, the truck’s malfunctioning rear door. The evidence
she cites, some of which is the same evidence she relied on to show the first
component of malice, has no relevance to U-Haul’s subjective awareness of the risk
involved. There was no evidence that U-Haul knew that the rear door mechanism
would malfunction, or that it had failed before, and that U-Haul proceeded in
conscious indifference to the rights of its customers. See Smith v. Aqua-Flo, Inc., 23
S.W.3d 473, 482 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 
          In her reply brief, Martin contends that U-Haul’s implementation of its Safety
Certification Program is legally sufficient evidence that U-Haul knew of the extreme
degree of risk of renting trucks to customers that had not been safety inspected. 
Martin cites Ellender v. Mobil for this proposition. See Ellender, 968 S.W.2d at
924–25. In Ellender, the supreme court considered whether Mobil had subjective
awareness that benzene exposure to contract workers constituted an extreme risk. 
The evidence showed that (1) Mobil’s regional director knew that benzene caused
serious health problems; (2) Mobil had hygiene monitors check employees for
benzene exposure; and (3) Mobil recognized that benzene inhalation affects the
formation of red-blood cells in bone marrow. The supreme court concluded that this
circumstantial evidence was legally sufficient to prove that Mobil knew that not
providing protective gear and not monitoring and warning workers about benzene
exposure was an extreme risk. Ellender, 968 S.W.2d at 924. 
          Contrary to Martin’s argument, the Ellender court did not hold that having a
safety program automatically meant that Mobil had actual awareness of the extreme
risk of benzene exposure. Moreover, in contrast to Ellender, Martin presented no
evidence that U-Haul had actual awareness that its failure to inspect the truck in the
30 days before Martin rented it would lead the truck’s rear door to malfunction. 
Martin does not point to any evidence that U-Haul knew about the malfunctioning
rear door, but nevertheless demonstrated that it did not care about the consequences. 
See Miranda, 133 S.W.3d at 232; Smith, 23 S.W.3d at 482. Accordingly, we
conclude that Martin did not present more than a scintilla of evidence of the second
component of malice. 
          We overrule Martin’s first issue.
          The jury’s finding on exemplary damages in question five was conditioned on
a finding of malice. Because we hold that Martin did not present legally sufficient
evidence of malice in question four, we need not address her second issue.
Conclusion
          We affirm the judgment of the trial court.
 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.