Joe CHANDLER et ux., Appellants,

v.

H. W. ORGAIN et al., Appellees.

No. 15826.

Court of Civil Appeals of Texas.

Fort Worth.

May 24, 1957.

Rehearing Denied June 21, 1957.

Crouch and Pringle, and Brantley Pringle, of Fort Worth, for appellants.

Wade, Davis, Callaway & Marshall, and H. C. Wade, of Fort Worth, for appellees.

MASSEY, Chief Justice.

Prior to August 25, 1954, George W. Chandler and wife, Ruby Chandler, owned certain real estate in Tarrant County, Texas, encumbered by mortgage to E. W. Jackson. The mortgage was secured by Deed of Trust note and lien, and Chandler and his wife were several payments in default thereon. The balance owing was in excess of $6,000. On said date, August 25, 1954, Joe Chandler and his wife secured a judgment against George and Ruby Chandler for over $9,000, and the impression of a lien to the extent of over $7,000 upon the real estate in question with foreclosure thereof granted.

Almost immediately after this judgment was secured, George Chandler busied himself to circumvent the same and he interested H. W. Orgain and J. H. Hartman in the matter. Through arrangements made, Jackson transferred and sold the Deed of Trust note and lien without recourse to Orgain on October 30, 1954, and same was filed of record on November 3, 1954. On the same day, the resignation of the trustee named in the Deed of Trust was filed and Charles T. Rowland was appointed substitute trustee by instrument placed of record at the same time. This procedure was pursuant to the provisions of the Deed of Trust. Immediately thereafter, in accord with the request of Orgain, said substitute trustee proceeded according to law and the provisions of the Deed of Trust, and after posting written notices for three consecutive weeks prior to date of sale and giving public notice of the time, place and terms of the sale, proceeded to sell the same at the Courthouse door of Tarrant County at a time falling within the hours prescribed, on December 7, 1954. Only one person bid on

the property when it was so sold, that being H. W. Orgain, who bid $6,000, or less than the amount of the debt owing to him by George W. Chandler and Ruby Chandler, as represented by the Deed of Trust note. Though George Chandler expected to benefit from the foregoing, apparently he was disappointed in the expectation. There was no evidence that he profited in any way.

All the foregoing took place with the knowledge and consent of George W. Chandler, though Joe Chandler and wife were in fact ignorant thereof, not learning about the proceedings until after sale was completely accomplished. On May 23, 1955, the latter persons proceeded under the rights availed them by their judgment of August 25, 1954, to have the property in question sold at a Sheriff's Sale in Tarrant County, at which they purportedly purchased (also purportedly subject to the first lien) for the sum of $100.

On April 29, 1955, H. W. Orgain and J. H. Hartman, as plaintiffs, filed a suit to remove cloud from title to the subject property and in the alternative in trespass to try title. The defendants named were both the Chandlers and their wives. This suit was pending when Joe Chandler purchased at the Sheriff's Sale.

Joe Chandler and his wife responded to the suit of Orgain and Hartman, and filed a cross-action against them and also joined George W. and Ruby Chandler as defendants in cross-action. They alleged that the last named cross-defendants fraudulently and in bad faith conspired with Orgain and Hartman in an attempt to free the property in question of the trust and lien held thereon by Joe Chandler and. wife, depriving them of their property rights therein. They alleged that the $6,000 for which the property sold was grossly inadequate and effected pursuant to the conspiracy to defraud. They tendered the amount of the debt represented by the Deed of Trust note plus interest and any additional amount the court might find to be due and owing, and prayed

that the sale under Deed of Trust be set aside and canceled.

Trial was to the court without intervention of a jury, and judgment was entered in favor of plaintiffs Orgain and Hartman and against defendants. Cross-plaintiffs Joe Chandler and wife were denied relief they prayed for. Cross-plaintiffs have perfected an appeal.

Judgment is affirmed.

Relief sought by the appellants and denied in the court below was equitable in nature. From the record it appears that after having obtained their judgment against George and Ruby Chandler and after the same became final, they did not promptly take steps to effect a sale of the property under the foreclosure granted in the judgment. Neither did they take steps to make arrangements with the prior lienholder in protection of themselves incident to any proceedings which might be effected under the Deed of Trust. It may be that they did not know that the payments on the note were in arrears, but the evidence does not demonstrate that they were misled by anyone relative to this fact. Neither does the record reflect that any act or representation by anyone caused them to delay their levy and sale under the judgment secured by them. It seems that appellants were somewhat wanting in vigilance and that under the circumstances, in the exercise of ordinary prudence, they should have proceeded under authority of their judgment, made some sort of agreement with the prior lienholder, or have kept close watch on the notices incident to sales by trustees,—all directed toward a security of their interest. In view of the fact that they defected in these regards and were not misled through any affirmative act by any other party, we are of the opinion that we should not disturb the judgment denying them the relief sought since little if any showing was made that they were free from negligence or fault in the premises. See 17 Tex.Jur., p. 23,

"Equity", sec. 20, "Facts Requisite to Relief—Exercise of Care".

In the event we err in our conclusions as above, nevertheless we are of the opinion that the trial court was entitled to decide the case for appellees upon the facts.

Ordinarily the holder of the superior lien upon real estate owes no duty to the holder of a second lien, regardless of how same was acquired by the junior lienholder. The first lienholder is not in privity with the junior lienholder, and though he may know of the existence of another lien, that fact alone places no obligation upon him to give notice of foreclosure proceedings under Deed of Trust additional to those prescribed by law or the trust instrument. Of course, where agreement is made between the parties relative to notice, the rule is different, but there was none in this case. The prior lienholder owes a general obligation to refrain from conduct which operates to prevent a fair sale of the property upon which he forecloses his lien, and this inures to a junior lienholder, but when the sale is conducted according to law and provisions of the trust instrument, his obligation is prima facie properly discharged.

Where circumstances of a particular case disclose elements imposing an obligation upon the obligor to notify his junior lienholder, if aware that a first lien upon his property is in the process of foreclosure, such an obligor should give such notice. If he does not he may be liable personally to the holder of the junior lien. If the superior lienholder, who is prosecuting the foreclosure proceedings, should conspire with the obligor to prevent such a holder of the junior lien from discovering the fact of the proceedings, then he might become liable because of privity with the obligor. But this would not be true if the obligor owed no duty to give any particular notice to the holder of the junior lien. In the instant case, George and Ruby Chandler were not shown to have owed any duty to the appellants.

After the accomplishment of sales pursuant to foreclosure proceedings, junior lienholders oftentimes find themselves without any lien as security as the result of the amount received for the property. The superior lien figure is sometimes itself greater than the amount for which the property is sold. Inadequacy of price brought by the property at its sale is not in and of itself any ground for the avoidance of the sale. The fact of inadequacy might, of course, constitute collateral evidence bearing upon some other ground for avoiding the sale. Sparkman v. McWhirter, Tex.Civ.App. Dallas, 1953, 263 S.W.2d 832, error refused.

It would seem under the facts of this case that appellants would be entitled to the relief prayed for only through the establishment of appellees' conspiracy and fraud in connection with their general obligation to refrain from conduct which operated to prevent a fair sale of the property. There was evidence that the market value of the property was approximately double the amount for which Orgain bid it in at the trustee's sale, and that he would have been willing to pay more for it had anyone else appeared and bid on it. Obviously he hoped no one else would appear, particularly appellants. The matter was handled rather carefully and almost, it would appear, with an eye on the case of Reisenberg v. Hankins, Tex.Civ.App. Amarillo, 1924, 258 S.W. 904, writ dismissed, upon which appellants primarily rely.

But that most important difference between the case of Reisenberg v. Hankins, supra, and the case at bar must be noted. In that case the parties in the position of the appellants here won their case in the trial court and were appellees in the Court of Civil Appeals. Here the converse is true. In the Reisenberg case the appellate court was charged with the duty of viewing the evidence in the light most favorable to support the judgment and we are likewise charged. We do not know

what the decision in the Reisenberg case would have been had the trial court's judgment been as it was in the instant matter, but the evidence shown in the opinion demonstrates conduct which would seem more reprehensible. Furthermore, the party prejudiced in the Reisenberg case was the obligor in the Deed of Trust note, not a junior lienholder.

We believe that under the circumstances of this case we are confined to a review of the test made by the trial court of the evidence presented to it upon the question of whether appellee's course of conduct prevented a fair sale. We have concluded that it was within that court's province to decide as it did, i. e., that appellants had not established by a preponderance of the evidence that such conduct had prevented a fair sale. Therefore, no reversible error appears.

Judgment is affirmed.