**Penny Sheree JONES, Appellant,**

v.

**BANK UNITED OF TEXAS, FSB, d/b/a Bank United Mortgage and Trailville Trust, Kent Tran, Trustee, Appellees.**

No. 01–00–00414–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 3, 2001.

Rehearing Overruled June 28, 2001.

James A. Gieseke, Houston, for appellant.

T. Michael Neville, James F. Andrews, Houston, for appellee.

Panel consists of HEDGES, NUCHIA and PRICE,* JJ.

## OPINION

PRICE, Justice.

Appellant ("Jones") brought a wrongful foreclosure action against the lienholder ("Bank United") and the third party purchaser ("Trailville Trust") alleging that Bank United failed to notify her of a foreclosure sale as required by the Texas Property Code. The trial court granted Bank United's motion for summary judgment. On appeal, Jones contends she was

* The Honorable Frank C. Price, retired Justice, Court of Appeals, First District of Texas at   Houston, participating by assignment.

entitled to foreclosure notice from Bank United. We affirm.

### Factual and Procedural Background

Jones and her husband ("Allender") purchased a home located at 13807 Trailville. Thereafter, Jones and Allender divorced, and Jones moved out of the house. Pursuant to the divorce decree, Jones conveyed her community property interest in the house to Allender in exchange for a vendor's lien on the property. The lien was awarded to secure an alimony award and was recorded in the county deed records. Allender continued living in the home and remained responsible, as between him and Jones, for paying the mortgage.

When Allender defaulted on the note in early 1998, Bank United began foreclosure proceedings. Foreclosure notices were sent to Allender at 13807 Trailville and to Jones, who then resided at 214 Sage Road. Allender paid the arrearage, and Bank United terminated foreclosure proceedings. Later that year, Allender defaulted on the note once again. This time Bank United foreclosed on the property, but sent the foreclosure notice only to Allender, and not to Jones. The house was sold to Trailville Trust, and there was no surplus money from the sale remaining after Bank United's debt had been satisfied. Jones filed suit for wrongful foreclosure, but the trial court granted Bank United's mixed no evidence and traditional motions for summary judgment under TEX.R.CIV.P. 166a (i) and (e).

Jones raises two issues for our consideration. First, Jones argues that, as a junior lienholder, she was entitled to notice of the foreclosure sale. Second, Jones contends that, as a junior lienholder, she was not required to tender the entire amount owed on the mortgage to Bank United in order to avoid foreclosure.

### Analysis

#### 1. Standard of Review

██ We review a "no evidence" summary judgment motion in the light most favorable to the non-movant. Here, we consider Jones's evidence as true and resolve any doubts in her favor, while disregarding all evidence and inferences to the contrary. *See Morrison v. Pinkerton, Inc.*, 7 S.W.3d 851, 854 (Tex.App.—Houston [1st Dist.] 1999, no pet.). Jones has the burden to bring forward evidence raising a genuine issue of material fact. *See id.*

██ With a traditional summary judgment motion, the movant, Bank United, must prove there is no genuine issue as to any material fact. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). Again, we assume all of Jones's evidence is true and indulge every reasonable inference in her favor. *See Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911(Tex.1997). If Bank United can show it is entitled to judgment as a matter of law, Jones must present evidence raising a fact issue to defeat the motion for summary judgment. *See Haight v. Savoy Apartments*, 814 S.W.2d 849, 851 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

#### 2. Notice

##### A. What Rights did Jones have in the Property?

██ A vendor's lien is usually retained to secure unpaid purchase money. *See Walton v. First Nat'l Bank of Trenton*, 956 S.W.2d 647, 651 (Tex.App.—Texarkana 1997, pet. denied). The vendor, or seller, retains the superior title, and the vendee, or buyer, merely has an equitable right to acquire title by carrying out the agreement. *See id.* Jones acquired the vendor's lien as part of the settlement in her divorce. The lien was security to insure

Allender's timely payment of alimony. In effect, Jones sold her half of the house to Allender for alimony secured by a vendor's lien. The Bank United mortgage, however, was still in existence at the time Jones received her vendor's lien. Thus, we construe the vendor's lien as a second lien, similar to a junior mortgage, to be paid subsequent to Bank United's deed of trust.[1]

### B. Was Jones Entitled to Notice as a Junior Lienholder?

In Texas, a junior incumbrancer or inferior lienholder is not entitled to notice of a foreclosure by a prior incumbrancer or senior lienholder. *See Hampshire v. Greeves,* 104 Tex. 620, 143 S.W. 147, 150 (1912) (holding that there is no duty on a holder of a prior mortgage or deed of trust to notify a junior lienholder of his intention to sell the property at foreclosure sale); *Chandler v. H.W. Orgain,* 302 S.W.2d 953, 956 (Tex.Civ.App.— Fort Worth 1957, no writ) (explaining that the superior lienholder "owes no duty to the holder of a second lien, regardless of how it was acquired by the junior lienholder" and noting that, although the first lienholder "may know of the existence of another lien, that fact alone places no obligation upon him to give notice of foreclosure proceedings"); *Fuller Construction Co. v. Hudson,* 11 S.W.2d 541, 542 (Tex. Civ.App.—Austin 1928, no writ). Thus, as a inferior lienholder, Jones was not entitled to notice of the foreclosure sale.[2] An inferior lienholder does not have the same rights to foreclosure notice as a mortgagee.

Because Jones's junior lien was not satisfied from the proceeds of Bank United's valid foreclosure sale, her lien is extinguished. *See Arnold v. Eaton,* 910 S.W.2d 181, 184 (Tex.App.—Eastland 1995, no writ) (finding a second lien used to secure contractual alimony was extinguished following the valid foreclosure by a senior lienholder that netted no proceeds to satisfy the second lien). We overrule the first issue.

This court may affirm the grant of the summary judgment if any of the grounds raised in the motion are meritorious because the trial court's order granting summary judgment does not specify the ground relied upon for its ruling. *See Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989); *Campbell v. Texas Employers' Ins. Ass'n,* 920 S.W.2d 323, 327 (Tex.App.— Houston [1st Dist.] 1995, no writ). Thus, it is not necessary for us to address appellant's remaining point of error regarding tender.

### Conclusion

We uphold the grant of the summary judgment and affirm the judgment of the trial court.

---

1. In her brief, Jones acknowledges that her vendor's lien was junior to Bank United's mortgage.

2. It appears from the record before us that Jones continued to remain obligated to pay the mortgage on the home even after her divorce. The record does not include a release of her obligation to Bank United, and the divorce settlement did not dissolve the obligation. Jones remained a debtor with a right of indemnity against her ex-husband.

However, we do not reach the question of whether Jones, as a debtor on the original note, was entitled to notice under Property Code § 51.002(b)(3) and 51.002(e) because she does not raise that argument in pursuing her point of error. Jones did not argue she was entitled to notice as a co-debtor in her brief or in her response to Bank United's motion for summary judgment. Jones relies solely on her status as a second lienholder for notice of the foreclosure sale.