Opinion issued February 13, 2003











In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01210-CV




TERRY JONES, Appellant

V.

RABSON & BROOCKS, L.L.C.; PELICAN CONNECTION MANAGEMENT,
L.L.C.; AND BROOCKS, BAKER & LANGE, L.L.P., Appellees




On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 00-28899




MEMORANDUM OPINION

This is an appeal of summary judgment rendered for appellees/defendants Rabson &
Broocks, L.L.C.; Pelican Connection Management, L.L.C.; and Broocks, Baker & Lange,
L.L.P (the Rabson defendants) against appellant, Terry Jones. In eight issues presented for
review, Jones challenges the rendition of summary judgment, contending that (1) the Rabson
defendants were not entitled to summary judgment on his causes of action for theft, civil
conspiracy, slander of title, and tortious interference with contract; (2) he suffered
recoverable damages; (3) he has a viable claim for attorney’s fees; (4) the trial court abused
its discretion by not granting him leave to file his third and fourth amended petitions; and (5)
summary judgment was improperly rendered because there was an unresolved counterclaim. 
We affirm.
Factual & Procedural Background
The parties do not dispute the essential facts of the underlying dispute; however, the
parties’ interpretation of those facts is greatly disparate. The events leading to this lawsuit
unfolded in the following sequence. The Rabson defendants obtained a $360,000 judgment
against Gladys Goffney in an unrelated lawsuit. In the spring of 1999, as part of their efforts
to collect the judgment, the Rabson defendants searched the Harris County real property
records and identified roughly 17 pieces of property that Goffney owned, including an
unimproved lot at 5206 Wayne Street in Houston. After a writ of execution was issued on
the judgment in May 1999, the Rabson defendants requested a constable’s sale of the
properties. On July 6, 1999, the constable’s sale was completed. The Rabson defendants
received the deeds from the sale on August 11, 1999 and recorded them in October 1999. 
The Wayne Street property, however, had been sold six years earlier to Noah Murchison. It
is not clear from the record whether the deed records were incomplete or the person who
searched the records overlooked the deed conveying the property from Goffney to
Murchison.
After the writ of execution was issued in the unrelated lawsuit against Goffney, but
before the constable’s sale took place, Murchison sold the property to Jones for $12,500. 
Jones recorded his deed on July 27, 1999. Only after Jones began negotiating with the Fifth
Ward Community Redevelopment Corporation to sell it the property for $25,000 did he learn
there was a cloud on his title; he was unable to complete the sale of the property in November
1999 as planned. Just after the first of the year 2000, Jones contacted the Rabson defendants
to attempt to resolve the question of ownership. He originally sent an unsigned, unrecorded
deed to the Rabson defendants’ counsel that was not accepted as proof of ownership; on
March 30, 2000, Jones supplied a signed, recorded deed conveying the property from
Goffney to Murchison. 
Upon receiving this deed, the Rabson defendants conceded that Jones was the rightful
owner of the property. Jones asked the Rabson defendants to supply him with a general
warranty deed but, because their title was void from inception, the Rabson defendants refused
to execute such a deed. Instead, they provided Jones with a deed without warranty.
The Rabson defendants characterize their inclusion of the Wayne Street property in
the constable’s sale as an innocent mistake—one they rectified as soon as they obtained legal
proof that Jones owned the property. Jones, in contrast, characterizes the entire series of
transactions as a malicious, fraudulent scheme to deprive him of his property. When he did
not obtain the general warranty deed he asked for, Jones filed suit to quiet title. He sought
to recover compensatory damages, exemplary damages, and attorney’s fees. The Rabson
defendants answered with a general denial. 
On October 13, 2000, despite Jones’s earlier refusal to accept an identical deed, the
Rabson defendants delivered to Jones an executed deed without warranty in which it
conveyed any and all of their interests in the Wayne street property to Jones. Evidently,
Jones has never recorded this deed. In November 2000, the Fifth Ward Community
Redevelopment Corporation renewed its offer to purchase the property for $25,000. Jones
refused the sale, in part because he believed that the cloud on the property was not removed,
in part because of the pending litigation, and in part because he was no longer interested in
selling for that price.
Jones filed a second amended petition in December 2000, setting out causes of action
for conversion, theft, civil conspiracy to commit theft, and slander of title.


 Broocks, Baker
& Lange filed a second, separate answer to this amended petition, repeating the general
denials and pleading the affirmative defenses of failure to mitigate damages and tender of
performance. The firm also added a counterclaim for Rule 13 violations, seeking attorney’s
fees. In January, the Rabson defendants filed a no-evidence motion for summary judgment
in which they identified elements of each cause of action for which there was no evidence
and challenged all causes of action based on an absence of proof of damages. In his response
to the motion, Jones filed an affidavit setting out the facts in detail. The motion was heard
on March 26, 2001. Before the trial court ruled on the motion, Jones filed a third amended
petition, three days after the summary judgment hearing, adding a cause of action for tortious
interference with contract and seeking additional damages for mental anguish. The Rabson
defendants supplemented their motion for summary judgment to raise a no-evidence
challenge to this additional cause of action. Jones filed a fourth amended petition on August
14, 2001 adding a cause of action for wrongful execution. 
The trial court rendered summary judgment on September 10, 2001, basing it on the
March hearing. The judgment did not address the counterclaim for sanctions but included
a “Mother Hubbard” clause. Jones’s motion for new trial was overruled by operation of law
and this appeal ensued. On appeal, Jones does not address the cause of action for conversion;
thus he has waived any complaint regarding this issue.
Finality of Judgment
As a threshold matter, we address Jones’s eighth issue on review to determine whether
this appeal is, as he claims, interlocutory because there is an outstanding counterclaim for
sanctions. The Rabson defendants argue that a counterclaim for sanctions is not a cause of
action that the trial court was obligated to address in its judgment. They also contend that
the trial court orally denied the motion for sanctions, but that the order was apparently not
reduced to writing. Jones does not address whether the trial court ruled on the motion for
sanctions and speaks only to the language of the judgment itself. 
Jones argues that the judgment was interlocutory because there is no language in the
trial court’s judgment that “with unmistakable clarity informs that it was a final judgment.” 
We disagree. The order is entitled “FINAL SUMMARY JUDGMENT” and the last sentence
of the judgment states, “All relief requested and not expressly granted is denied.” The
Rabson defendants have not contested the finality of the appeal, nor appealed the trial court’s
denial of their claim for sanctions. Jones treated the judgment as final by filing a motion for
new trial, in which he does not mention the counterclaim, and by filing a notice of appeal. 
Based on the record and the language of the judgment, we conclude that the judgment was
final for purposes of appeal. See Lehman v. Har-Con Corp., 39 S.W.2d 191, 205 (Tex.
2001). Accordingly, we overrule issue eight and address the merits of the appeal.
Amended Pleadings
In issue seven, Jones contends the trial court abused its discretion by not granting him
leave to file his third and fourth amended petitions. He argues that because the Rabson
defendants did not move to strike the pleadings or show they were prejudiced by the untimely
amended petitions, the trial court abused its discretion by not considering these later
petitions. It is evident from the judgment that the trial court did not consider the third or
fourth petitions because the judgment was based on the motions and the summary judgment
hearing held on March 26, 2001, before either amended petition was filed. The record does
not contain a motion for leave to late-file either petition, a motion to strike the amended
pleadings, or an order striking them. 
Rule 63 of the Texas Rules of Civil Procedure provides that amended pleadings shall
not be filed within seven days of trial without obtaining leave of court. Tex. R. Civ. P. 63. 
A summary judgment hearing is a “trial” governed by Rule 63. See Goswami v. Metropolitan
Sav. & Loan Ass’n, 751 S.W.2d 487, 490 (Tex. 1988). It is well-settled summary judgment
law that if a nonmovant for summary judgment (1) files an amended pleading after the
summary judgment hearing and (2) the amended pleading raises an additional claim not
mentioned in the summary judgment motion, then the trial court does not err in granting the
summary judgment motion because the trial court may consider only the pleadings on file at
the time of the hearing, or filed after the hearing (but before judgment) with permission of
the court. Automaker, Inc. v. C.C.R.T. Co., Ltd., 976 S.W.2d 744, 746 (Tex. App.—Houston
[1st Dist.] 1998, no pet.). Jones did not seek the trial court’s permission to file his amended
pleadings. Although the Rabson defendants did not file a motion to strike the amended
pleadings, they filed a letter with the trial court objecting to the amendments. The trial court
did not err in refusing to consider these late-filed pleadings.
We overrule issue seven. Therefore, we will not address Jones’s causes of action for
tortious interference with contract or wrongful execution, nor his claim for damages based
on mental anguish. We also overrule issue five, in which Jones contends that summary
judgment on the tortious interference with contract claim was improper.
Theft, Civil Conspiracy, and Slander of Title
In issues one, two, and three, Jones contends the trial court erred in rendering
summary judgment for the Rabson defendants on Jones’s claims for theft, civil conspiracy,
and slander of title. We review a “no-evidence” summary judgment motion in the light most
favorable to the nonmovant; here, we assume Jones’s evidence to be true and resolve any
doubts in his favor, while disregarding all evidence and inferences to the contrary. Jones v.
Bank United of Texas, FSB, 51 S.W.3d 341, 343 (Tex. App.—Houston [1st Dist.] 2001, pet.
denied).
Theft & Civil Conspiracy
To defeat the no-evidence motion under 166a(i), Jones had to raise a fact issue
showing that the Rabson defendants (1) unlawfully (2) appropriated his property (3) with the
intent to deprive him of it. Tex. Pen. Code Ann. § 31.03 (Vernon 2000). Intent to deprive
is the accused’s intent at the time of the taking. Thomas v. State, 753 S.W.2d 688, 694 (Tex.
Crim. App. 1988). Intent may be inferred from a failure to return the property. Rowland v.
State, 744 S.W.2d 610, 613 (Tex. Crim. App. 1988).
Although Jones argues that his affidavit provides ample evidence of theft, we cannot
agree. He has globally stated facts to support his conclusions as he sees them, but has not
connected any of these facts to each challenged element of his claims, such as whether the
Rabson defendants committed an unlawful act. The constable’s sale was held pursuant to a
lawful writ of execution. Nor does Jones provide evidence of intent. The Rabson defendants
argue there is no evidence of intent to deprive Jones of the property because the constable’s
deed transferred only Gladys Goffney’s interest in the property, not Jones’s. The Rabson
defendants provided Jones with a deed disclaiming any interest in the property, albeit a deed
Jones apparently believes does not remove the cloud on the title, thus refuting any inference
of theft. While the inclusion of the Wayne Street property in the constable’s sale was
unfortunate, we hold Jones provided no evidence to show that it was tantamount to theft. 
A civil conspiracy claim is not actionable unless there is an overt, unlawful act. 
American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420 438 (Tex. 1997). Because we have
held there was no theft, and Jones has not alleged any other unlawful act, we further hold that
there was no overt, unlawful act upon which a conspiracy could have rested. The trial court
did not err in rendering summary judgment on Jones’s claims for theft and civil conspiracy.
We overrule issues one and two.
Slander of Title
To recover in an action for slander of title, a party must plead and prove: (1) the
uttering and publishing of disparaging words; (2) falsity; (3) malice; (4) special damages; 
(5) possession of an estate or interest in the property disparaged; and (6) the loss of a specific
sale. See Williams v. Jennings, 755 S.W.2d 874, 879 (Tex. App.—Houston [14th Dist.]
1988, writ denied). Jones cannot prevail because he has provided no evidence of legal
malice or of special damages. 
Legal malice is defined as wrongful conduct that is intentional and without just cause
or excuse. Continental Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 452 (Tex. 1996).
Because the Rabson defendants had a lawful writ of execution and the property records
contained Gladys Goffney’s deed to the Wayne Street property, the inclusion of the property
in the constable’s sale, although incorrect, was based on reasonable cause. Thus, there is no
evidence of legal malice. Moreover, although Jones proved the loss of a specific sale, he did
not offer any evidence of special damages. A plaintiff may recover the amount he would
have realized from the lost sale minus the amount for which he could have sold the land at
the time of trial with the cloud removed. A.H. Belo Corp. v. Sanders, 632 S.W.2d 145, 146
(Tex. 1982). The time of trial here was March 26, 2001—the date of the summary judgment
hearing. See Goswami, 751 S.W.2d at 490. Although Jones provided evidence that he was
unable to complete the sale for $25,000, he provided no evidence of the market value of the
property at the time of trial. Without such evidence, the trial court could not calculate special
damages, even if it determined the Rabson defendants had slandered Jones’s title. 
Accordingly, we hold the trial court did not err in rendering summary judgment on this claim.
We overrule issue three.
Attorney’s Fees
In issue six, Jones contends that he is entitled to attorney’s fees because his suit is one
for declaratory judgment. The Rabson defendants argue that the true nature of the suit is to
remove a cloud on Jones’s title, thus attorney’s fees are not recoverable. Because we have
overruled all of appellant’s other issues on appeal, the issue of attorney’s fees is moot. 
We affirm the trial court’s judgment.
 
 
                                                                                        Evelyn V. Keyes
                                                                                        Justice
 
Panel consists of Justices Taft, Keyes, and Higley.