Opinion issued October 7, 2004
 












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01131-CV




SHIRLEY DAVIS, Appellant

V.

FIESTA MART, INC., Appellee




On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 784,357




MEMORANDUM OPINION
          In this slip-and-fall case, Shirley Davis, appellant, appeals from a summary
judgment in favor of appellee, Fiesta Mart, Inc. (“Fiesta Mart”). At issue is whether
Davis produced more than a scintilla of evidence to raise a genuine issue of material
fact as to Fiesta Mart’s constructive or actual knowledge of the allegedly dangerous
condition that caused Davis’s injuries. We affirm.           
BACKGROUND
          On August 4, 2001, Shirley Davis was shopping in a Fiesta Mart store. While
in the store, Davis slipped and fell. Davis claims that a “liquid substance” on the
floor caused her to fall.  
          Davis sued Fiesta Mart under a premises condition theory of liability. Fiesta
Mart filed a no-evidence motion for summary judgment, claiming that Davis did not
produce a scintilla of evidence that Fiesta Mart caused the injuries sustained by
Davis. Specifically, Fiesta Mart claimed Davis failed to present any evidence that
Fiesta Mart had either actual or constructive knowledge of the alleged dangerous
condition that caused her fall. In her response, Davis contended that her affidavit
provided sufficient evidence to raise a genuine issue of material fact, thereby
precluding summary judgment. The trial court granted Fiesta Mart’s no-evidence
motion for summary judgment and rendered a take-nothing judgment against Davis.
This appeal followed. 
 
 DISCUSSION
          In her sole point of error, Davis contends that the trial judge erred by granting
Fiesta Mart's summary judgment motion. In response, Fiesta Mart argues that Davis
presented no evidence of its knowledge of an allegedly dangerous condition on its
premises that caused Davis’s fall.
          A no-evidence motion for summary judgment must be granted if, after an
adequate time for discovery, (1) the moving party asserts that there is no evidence of
one or more essential elements of a claim or defense on which an adverse party would
have the burden of proof at trial; and (2) the non-movant produces no summary
judgment evidence raising a genuine issue of material fact on those elements. See
Tex. R. Civ. P. 166a(i). In reviewing a no-evidence summary judgment, we review
the evidence in the light most favorable to the non-movant, disregarding all contrary
evidence and inferences to determine whether more than a scintilla of probative
evidence was presented on the challenged elements of the non-movant’s claim. See
Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002); Jones v. Bank
United of Texas, FSB, 51 S.W.3d 341, 343 (Tex. App.—Houston [1st Dist.] 2001, pet.
denied). More than a scintilla of evidence exists if the evidence would allow
reasonable and fair-minded people to differ in their conclusions. King Ranch v.
Chapman, 118 S.W.3d 742, 751 (Tex. 2003). “Less than a scintilla of evidence
exists when the evidence is ‘so weak as to do no more than create a mere surmise or
suspicion’ of a fact.” Id. (quoting Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63
(Tex. 1983)). 
          To prevail on a premises liability claim, a plaintiff must prove, among other
things, actual or constructive knowledge by the owner or occupier of a condition on
the premises that posed an unreasonable risk of harm. CMH Homes, Inc. v. Daenen, 
15 S.W.3d 97, 99 (Tex. 2000). In a slip-and-fall case, the plaintiff can satisfy this
knowledge element by showing that (1) the defendant placed the substance on the
floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is
more likely than not that the condition existed long enough to give the defendant a
reasonable opportunity to discover it. Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812,
814 (Tex. 2002). 
           Here, Davis did not present any evidence that Fiesta Mart had actual or
constructive knowledge of the dangerous condition. In her affidavit responding to
Fiesta Mart’s motion for summary judgment, Davis declares that the liquid “must
have been [on the floor] for sometime [sic]” and that a reasonable inspection would
have revealed the water before her fall “because of the amount of . . . water on the
floor.” Furthermore, she concludes that the spill must have been caused by a Fiesta
Mart employee because the water was found on the floor of an aisle that did not
contain any liquid items on the shelves. However, Davis presented no evidence to
support her conclusory statements. 
          A statement of subjective belief, which is not supported by other summary
judgment proof, is not sufficient to support or negate a summary judgment. See
Rizkallah v. Conner, 952 S.W.2d 580, 586 (Tex. App.—Houston [1st Dist.] 1997, no
writ) (citing Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex. 1996) where
“[i]t is my understanding” did not raise a fact issue in response to a motion for
summary judgment). Similarly, a “naked and unsupported opinion or conclusion of
a witness does not constitute evidence of probative force . . . .” Coastal Transp. Co.
v. Crown Cent. Petroleum, 136 S.W.3d 227, 232 (Tex. 2004) (quoting Dallas Ry. &
Terminal Co. v. Gossett, 294 S.W.2d 377, 380 (Tex. 1956)).
          Davis’s assertions are nothing more than mere conjecture and, therefore, do not
amount to any evidence at all. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934,
937-38 (Tex. 1998) (rejecting assertion of witness that substance on floor “seemed
like it had been there awhile” as “mere speculative, subjective opinion of no
evidentiary value” since witnesses had neither seen substance prior to fall nor had any
personal knowledge of length of time substance had been on floor). The volume of
liquid has no bearing on the amount of time it has been in a certain location. The lack
of liquid products on the surrounding shelves is no evidence that only a Fiesta Mart
employee could have caused the spill. The evidence offered to prove Fiesta Mart’s
knowledge of the spill is so weak as to do no more than create a mere surmise or
suspicion of its existence.


           
          Considering the evidence in the light most favorable to Davis, we hold that
there is no evidence to support the conclusion that Fiesta Mart had actual or
constructive knowledge of the dangerous condition. Because Davis would carry the
burden of proving Fiesta Mart’s knowledge of a dangerous condition at trial, but
failed to present any such evidence on that element in response to Fiesta Mart’s no-evidence motion for summary judgment, the trial court properly granted Fiesta Mart’s
motion for summary judgment. Accordingly, we overrule Davis’s sole point of error.CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                                         
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.