Opinion issued March 10, 2005
















     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00840-CV




ANTHONY DUKE, SR. and CAROLYN DUKE, Appellants

V.

CATERPILLAR, INC., A/K/A “CAT” and MUSTANG TRACTOR AND
EQUIPMENT COMPANY, INC., Appellees




On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2002-26569




MEMORANDUM OPINION
          This is an appeal from a no-evidence summary judgment rendered in favor of
appellees, Caterpillar, Inc. a/k/a CAT (“Caterpillar”), and Mustang Tractor and
Equipment Company (“Mustang”). Appellants, Anthony Duke, Sr. and Carolyn Duke
(“the Dukes”), filed a suit for damages arising out of their purchase of a tractor from
Mustang, which was manufactured by Caterpillar. On appeal, the issue is whether the
Dukes produced more than a scintilla of evidence to raise a genuine issue of material
fact. We affirm.
BACKGROUND
          On November 18, 1998, Dan Mathews, a salesman employed by Mustang, sold
the Dukes a Challenger model CR 55 agricultural tractor manufactured by Caterpillar. 
Mathews also sold the Dukes a two-year/2,000-hour power train warranty, which
provided for repair or replacement of parts that fail due to defects in Caterpillar’s
workmanship or materials after notice is given to Caterpillar. As a down payment on
the tractor, the Dukes traded in their old Ford tractor to Mustang. The Dukes allege
that Mathews represented to them that the Caterpillar tractor was brand new. 
          The Dukes claim that the tractor did not perform properly after their purchase. 
Mustang initially responded by performing repairs on the tractor as required by the
warranty. But the Dukes allege that Mustang decided to cease performing repairs and
service on the tractor even though it remained under warranty and the tractor still
required work. The Dukes further allege that the tractor Mustang sold to them
contained a rebuilt turbocharger, which is an engine component. 
          The Dukes sued Mustang and Caterpillar for (1) breach of contract, (2)
violations of the Deceptive Trade Practices Act, (3) fraud, (4) negligent
misrepresentation, and (5) unjust enrichment. The Dukes allege that Caterpillar and
its dealer, Mustang, sold them a tractor that they had represented as new to the Dukes,
but which, in fact, Caterpillar knew contained a rebuilt engine. Caterpillar filed a no-evidence motion for summary judgment, claiming that the Dukes did not produce a
scintilla of evidence on any of their theories of liability. Specifically, Caterpillar
claimed the Dukes failed to present any evidence that (1) Caterpillar entered into a
contract with the Dukes; (2) that the engine installed in the Dukes’ tractor was a
“used rebuilt engine”; (3) that any unfair or deceptive practice of Caterpillar was a
producing cause of the Dukes’ alleged damages; and (4) that the Dukes’ damages
were caused by any defect in Caterpillar workmanship or materials. Mustang also
filed a no-evidence motion for summary judgment. In their response, the Dukes
tendered the entire transcripts of their depositions,


 their affidavits, the affidavit of
Raymond Thomas, and several documents related to the purchase of the tractor. The
Dukes contend that these materials raise genuine issues of fact, thereby precluding
summary judgment. The trial court granted Mustang’s and Caterpillar’s no-evidence
motions for summary judgment and rendered a take-nothing judgment against the
Dukes. This appeal followed. 
DISCUSSION
          In their two points of error, the Dukes contend that the trial judge erred by
granting Mustang’s and Caterpillar’s summary judgment motions because (1) the
Dukes raised material fact issues and (2) these issues of material fact were supported
by competent summary judgment proof that established their causes of action against
both Mustang and Caterpillar. In response, Mustang argues that the Dukes presented
no competent summary judgment evidence before the trial court and that the Dukes
did not complain that the trial court erred in sustaining Mustang’s objections to much
of the Dukes’ evidence. Caterpillar argues that (1) the Dukes only made generic
references to summary judgment evidence without explaining how the evidence
raised fact issues, (2) the trial court’s judgment disposes of the Dukes’ claims on
grounds not challenged on appeal; and (3) the Dukes did not raise issues of material
fact on their breach-of-contract or unjust enrichment claims. 
          A no-evidence motion for summary judgment must be granted if, after an
adequate time for discovery, (1) the moving party asserts that there is no evidence of
one or more essential elements of a claim or defense on which an adverse party would
have the burden of proof at trial; and (2) the non-movant produces no summary
judgment evidence raising a genuine issue of material fact on those elements. See
Tex. R. Civ. P. 166a(i). In reviewing a no-evidence summary judgment, we review
the evidence in the light most favorable to the non-movant, disregarding all contrary
evidence and inferences to determine whether more than a scintilla of probative
evidence was presented on the challenged elements of the non-movant’s claim. See
Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002); Jones v. Bank
United of Texas, FSB, 51 S.W.3d 341, 343 (Tex. App.—Houston [1st Dist.] 2001, pet.
denied). More than a scintilla of evidence exists if the evidence would allow
reasonable and fair-minded people to differ in their conclusions. King Ranch v.
Chapman, 118 S.W.3d 742, 751 (Tex. 2003). “Less than a scintilla of evidence exists
when the evidence is ‘so weak as to do no more than create a mere surmise or
suspicion’ of a fact.” Id. (quoting Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63
(Tex. 1983)). If a trial court’s order does not specify the grounds under which
summary judgment was granted, then we affirm the judgment on any theory advanced
in the motion that is meritorious. Harwell v. State Farm Mut. Auto. Ins. Co., 896
S.W.2d 170, 173 (Tex. 1995).
Breach of Contract
          To prevail on a breach of contract claim, a plaintiff must prove (1) the
existence of a valid contract; (2) performance or tendered performance; (3) the
defendant breached the contract; and (4) the plaintiff was damaged as a result of the
breach. Valero Mktg. Co. v. Kalama Int’l, 51 S.W.3d 345, 351 (Tex. App.—Houston
[1st Dist.] 2001, no pet.).
          Mustang
          Here, Mustang did not dispute the existence of a valid contract with the Dukes,
but it argued that the Dukes presented no evidence of the other three
elements—tendered performance, defendant’s breach, and plaintiff’s damages—of
a breach of contract action. In their response to Mustang’s motion for summary
judgment, the only evidence of their breach of contract claim to which the Dukes
referred the trial court was Plaintiff’s Exhibits “A” and “B”, the affidavits of Anthony
Duke and Carolyn Duke. However, the affidavits are neither signed nor notarized. 
An affidavit is defined as “a statement in writing of a fact or facts signed by the party
making it, sworn to before an officer authorized to administer oaths, and officially
certified to by the officer under his seal of office.” Tex. Gov’t Code Ann. § 312.011
(Vernon 1998). To constitute an affidavit, a written statement must be signed by the
person making the statement. De Los Santos v. Southwest Tex. Methodist Hosp., 802
S.W.2d 749, 755 (Tex. App.—San Antonio 1990, no writ), overruled on other
grounds, 876 S.W.2d 314 (Tex. 1994). Accordingly, an unsworn statement is not
competent summary judgment proof. Perkins v. Crittenden, 462 S.W.2d 565, 568
(Tex. 1970); Sturm Jewelry, Inc. v. First Nat’l Bank, Franklin, 593 S.W.2d 813, 814
(Tex. App.—Waco 1980, no writ). Therefore, we will not consider the Dukes’
unsworn statements as evidence responding to the defendants’ no-evidence motions
for summary judgment.
          Without the unsigned affidavits, there is insufficient evidence to support the
element of defendant’s breach, as the affidavits are the only evidence relied upon by
the Dukes in their response to Mustang’s motion for summary judgment. The Dukes
claim that Mustang breached its contract with the Dukes by refusing to honor its
obligations under a warranty that covered repairs to the tractor. However, the Dukes
did not point out any summary judgment evidence to support their claim.


 Although
the non-moving party is not required to marshal its proof, it must present evidence
that raises a genuine fact issue on each of the challenged elements. Tex. R. Civ. P.
166a(i). Therefore, we find no genuine issue of material fact on the breach-of-contract claim against Mustang.
          Caterpillar
          Caterpillar disputes that it had a contract with the Dukes. The Dukes did not
present any evidence that a valid contract existed between the Dukes and Caterpillar. 
The Dukes argued that the Equipment Invoice marked Plaintiff’s Exhibit “D” and the
Service Letter marked Plaintiff’s Exhibit “G” established (1) the representations made
by Caterpillar as to the nature and quality of the tractor the Dukes purchased; (2) the
Dukes’ reliance on these representations; (3) Caterpillar’s breach of this contract; and
(4) the subsequent damages sustained by the Dukes because of Caterpillar’s failure
to provide a new tractor. 
          However, much of the evidence the Dukes relied on to present a fact issue was
objected to by Caterpillar and the trial court sustained those objections.


 Caterpillar’s
objection to Plaintiff’s Exhibit “G” as incomplete was sustained by the trial court, a
decision that has not been challenged on appeal by the Dukes. Therefore, the only
evidence considered by the trial court for this breach of contract claim against
Caterpillar was Exhibit “D”, Mustang’s Equipment Invoice. Although the Dukes
argue that Caterpillar’s name and emblem on the invoice is evidence of a contract
between Caterpillar and the Dukes, this is not sufficient evidence to raise a genuine
issue of a material fact as to the existence of such a contract. To prove a valid,
enforceable contract, a party must establish (1) an offer, (2) an acceptance, (3) mutual
assent, (4) execution and delivery of the contract with the intent that it be mutual and 
binding, and (5) mutuality of obligations supporting the contract. Texas Gas Util. v.
Barrett, 460 S.W.2d 409, 412 (Tex. 1970). The mere existence of Caterpillar’s
emblem on the invoice does not raise a material fact as to the existence of a contract
between Caterpillar and the Dukes.
          Accordingly, because the Dukes did not present any evidence to show the
existence of at least one essential element of a breach of contract claim, the trial court
did not err in granting Mustang’s and Caterpillar’s no-evidence motions for summary
judgment on the Dukes’ claim for breach of contract. 
Deceptive Trade Practices
          The elements of a claim under the Deceptive Trade Practices-Consumer
Protection Act (“DTPA”) are (1) the plaintiff is a consumer, (2) the defendant
engaged in false, misleading, or deceptive acts, and (3) these acts constituted a
producing cause of the consumer’s damages. See Tex. Bus. & Com. Code Ann. §
17.50(a)(1); Doe v. Boys Clubs of Greater Dallas, 907 S.W.2d 472, 478 (Tex. 1995). 
A DTPA claim can also arise from the breach of express or implied warranties or
from any unconscionable action or course of action. See Tex. Bus. & Com. Code
Ann. § 17.50(a)(2)-(3). 
          Generally, in order to recover for breach of an express warranty under the
DTPA, a plaintiff must prove (1) he or she is a consumer, (2) a warranty was made,
(3) the warranty was breached, and (4) as a result of the breach, an injury resulted. 
U.S. Tire-Tech v. Boeran, B.V., 110 S.W.3d 194, 197 (Tex. App.—Houston [1st Dist.]
2003, pet. denied); McDade v. Tex. Commerce Bank, N.A., 822 S.W.2d 713, 718
(Tex. App.—Houston [1st Dist.] 1991, writ denied); see Tex. Bus. & Com. Code
Ann. § 17.50(a)(2).
          Mustang
          Mustang argued that the Dukes presented no evidence of a false, misleading,
or deceptive act or practice; their reliance; or producing cause. Again, the only
evidence considered by the trial court was Plaintiff’s Exhibit “G”, a Service Letter
from Caterpillar, and Plaintiff’s Exhibit “D”, Mustang’s Equipment Invoice. Exhibit
“G” is a six-page letter from Caterpillar detailing what adjusts can be made to certain
Challenger 55 tractors to improve their performance. Although Exhibit “G” contains
instructions from Challenger on how to remove the current turbocharger from the
engine, it does not indicate that a replacement turbocharger would be defective or
would in any way hamper the performance of the tractor. We find no evidence
raising a fact issue as to the reliance element of a DTPA claim. 
          The Dukes argued that the invoice established that the Dukes acquired a “brand
new” tractor from Mustang and that Mustang’s salesperson Mathews represented to
the Dukes that they were purchasing a new tractor. Even if the invoice from Mustang
were enough to raise a fact question on this element of a false, misleading, or
deceptive act, the Dukes did not present more than a scintilla of evidence on the
element requiring them to prove that they relied on these representations to their
detriment. See Tex. Bus. & Com. Code Ann. § 17.50(a). 
          Caterpillar
          The Dukes allege deceptive trade practices under section 17.46(b) of the DTPA
as well as breaches of implied and express warranties by Caterpillar.


 In regard to its
alleged deceptive trade practices, Caterpillar claims the Dukes presented no evidence
that Caterpillar made false representations, that the Dukes relied on any alleged
misrepresentations, or that the alleged misrepresentations were the producing cause
of damages to the Dukes. In regard to the Dukes’ alleged breach of the express
warranty, Caterpillar claims the Dukes presented no evidence of the existence of an
unrepaired defect in Caterpillar’s workmanship or materials or that the Dukes gave
Caterpillar notice of such a defect as required for Caterpillar’s express warranty to
come into effect. Caterpillar also claims there is no evidence that any alleged defect
under the express warranty was a producing cause of the Dukes’ damages. In its
alleged breach of implied warranties, Caterpillar claims no evidence supports the
creation of any implied warranty. In fact, Caterpillar’s express warranty disclaims the
implied warranties of merchantability and of fitness for a particular purpose. 
          As evidence of its DTPA claims against Caterpillar, the Dukes presented the
Mustang Equipment Invoice (Exhibit “D”), a three-page document that indicates the
tractor’s date of manufacture was 1997 (Exhibit “I”), and Exhibits “G” and “H,”
which were struck in their entirety and not considered by the trial court. These
exhibits did not present more than a scintilla of evidence on the elements that
required the Dukes to prove that (1) they relied on the representations Caterpillar
made that the tractor was new and (2) such misrepresentations were the producing
cause of their damages. See Tex. Bus. & Com. Code Ann. § 17.50(a). 
          The Dukes did not present more than a scintilla of evidence to support their
breach of express warranty claim against Caterpillar because the Dukes did not
present any evidence of a defect in Caterpillar’s materials and/or workmanship, which
would trigger performance by Caterpillar under the express warranty. Moreover, in
their response to the defendants’ motions for summary judgment, the Dukes admitted
that they had “no evidence that Plaintiffs notified Caterpillar of the breaches of
warranties . . . .”
          The Dukes did not present more than a scintilla of evidence to support their
breach of implied warranties claim against Caterpillar because the Dukes did not
present any evidence to counter the written disclaimer of the implied warranties of
merchantability and of fitness for a particular purpose that are found in paragraph two
of the express warranty between the Dukes and Caterpillar. 
Fraud
          To prevail on a fraud claim, a plaintiff must prove (1) a material representation
was made; (2) it was false; (3) it was known to be false when made or was recklessly
asserted without knowledge of its truth; (4) it was intended to be relied upon; (5) the
other party acted in reliance upon it; and (6) it caused injury to the other party. Green
Int’l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997). 
          Mustang
          Mustang argued that the Dukes presented no evidence of any element of a fraud
cause of action. Although the Dukes presented evidence for the first two elements
of a fraud cause of action, for the essential elements of knowing or reckless
representation, reliance, and injury, the Dukes rely solely on their unsigned affidavits,
which are not competent summary judgment evidence. Therefore, the Dukes do not
raise a fact issue on these elements of fraud.
          Caterpillar
          Like Mustang, Caterpillar also argued that the Dukes presented no evidence of
any element of a fraud cause of action. In response to Caterpillar’s motion for
summary judgment, the Dukes did not cite, refer to, identify, or otherwise direct the
trial court to any specific evidence to raise a fact issue on any element of a fraud
cause of action. The non-movant has the burden of pointing out to the trial court
where in the evidence the issues set forth in the response are raised. See Guthrie v.
Suiter, 934 S.W.2d 820, 826 (Tex. App.—Houston [1st Dist.] 1996, no writ). A party
must expressly and specifically identify the supporting evidence on file which it seeks
to have considered by the trial court. Boeker v. Syptak, 916 S.W.2d 59, 61 (Tex.
App.—Houston [1st Dist.] 1996, no writ). Because the Dukes did not direct the trial
court to any summary judgment evidence in support of their argument regarding their
fraud claim against Caterpillar, this Court may not consider the evidence the Dukes
cite for the first time on appeal. See Guthrie, 934 S.W.2d at 826. A no-evidence
summary judgment motion may not properly be granted if the non-movant brings
forth more than a scintilla of evidence to raise a genuine issue of material fact on the
challenged elements. Spradlin v. State, 100 S.W.3d 372, 377 (Tex. App.—Houston
[1st Dist.] 2002, no pet.). Therefore, no evidence raised a fact issue on the fraud
claim. 
Negligent Misrepresentation
          To prevail on a negligent misrepresentation claim, a plaintiff must prove that
(1) a defendant made a representation to the plaintiff in the course of the defendant’s
business or in a transaction in which the defendant had a pecuniary interest; (2) the
defendant supplied false information for the guidance of others; (3) the defendant did
not exercise reasonable care or competence in obtaining or communicating the
information; (4) the plaintiff justifiably relied on the representation; and (5) the
defendant’s negligent misrepresentation proximately caused the plaintiff’s injury. See
McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests, 991 S.W.2d 787, 791
(Tex. 1999). 
          Mustang
          In its no-evidence motion for summary judgment, Mustang argued that the
Dukes presented no evidence of any element of a negligent misrepresentation cause
of action except the first element. The evidence the Dukes presented at trial to raise
a fact issue on this claim was their unsigned affidavits, which are not competent
summary judgment evidence. Thus, no evidence was presented by the Dukes to raise
a fact issue as to the other elements of a negligent misrepresentation claim against
Mustang.
          Caterpillar
          Caterpillar also argued that the Dukes presented no evidence of any element
of a negligent misrepresentation cause of action. Again, the Dukes did not cite, refer
to, identify, or otherwise direct the trial court to any specific evidence to raise a fact
issue on any element of a negligent misrepresentation cause of action.


 Therefore, no
evidence raised a fact issue on this cause of action. 
Unjust Enrichment
          A plaintiff may recover under an unjust enrichment theory when the defendant
has obtained a benefit from another by fraud, duress, or the taking of an undue
advantage. Heldenfels Bros., Inc. v. City of Corpus Christi, 832 S.W.2d 39, 41 (Tex.
1992). 
          Mustang & Caterpillar
          In support of their unjust enrichment claim against Mustang and their claim
against Caterpillar, the Dukes only referred the trial court to Exhibit “J.” Exhibit “J”
is a letter, dated April 24, 2003, from an attorney for Caterpillar to the Dukes’ trial
counsel, setting forth “the numbers in the Caterpillar Financial Judgment.” In their
brief on appeal, the Dukes identify this letter as relating to a “judgment against Duke
for approximately $106,000.00 arising from Duke’s ownership of the tractor and
subsequent repossession of that tractor by Caterpillar.” However, no evidence in the
record is presented to support this assertion that was only made in their brief on
appeal. The letter does not provide such a description of the judgment, nor do the
Dukes explain the relevance of the letter to their unjust enrichment claim. The Dukes
have failed to present more than a scintilla of evidence to raise a fact question on their
unjust enrichment claims against either Mustang or Caterpillar. 
          Considering the evidence in the light most favorable to the Dukes, we hold that
there is no evidence to support the conclusion that the Dukes raised a fact issue on the
grounds that Mustang and Caterpillar challenged in their motions for summary
judgment. Because the Dukes would carry the burden of proving all elements of their
causes of action at trial, but failed to present any such evidence on at least one
element of all five of their causes of action in response to the defendants’ no-evidence
motions for summary judgment, the trial court properly granted both Mustang’s and
Caterpillar’s motions for summary judgment. Accordingly, we overrule the Dukes’
sole issue.CONCLUSION
          We affirm the judgment of the trial court. 
 
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Bland.

Do not publish.