Opinion issued May 19, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01063-CV

———————————

Texan Drywall, Inc., Appellant

V.

Tony Le, Tho
Le, K hiem Do Hoang, Richard Lai, Sylvia Nguyen, Annie Nguyen, Patrick
Trang, Phuong Nguyen, Patrick Nguyen, Thanh M. Nguyen, and Heather H. Trang, Appellees



 



 

On Appeal from the 333rd District Court 

 Harris County, Texas



Trial Court Case No. 2007-32762-B

 



MEMORANDUM OPINION

          Appellant
Texan Drywall, Inc. appeals a take-nothing summary judgment and order of
severance granted in favor of appellees Tony Le, Tho Le, K Hiem Do Hoang, Richard Lai,
Sylvia Nguyen, Annie Nguyen, Patrick Trang, Phuong Nguyen, Patrick Nguyen, Thanh
M. Nguyen, and Heather H. Trang.  In two
issues, Texan Drywall argues that the trial court erred in granting summary
judgment in favor of the owners on its suit to foreclose on several materialman’s
liens and on its breach of fiduciary duty claim. We affirm.

Background

          This
action arises in part from a dispute concerning the relative priority of
several mechanic’s and materialman’s liens and several deeds of trust.  Commercial State Bank of El Campo, Texas
entered into various loan agreements with the appellees for the construction of
residential homes in Houston, Texas.  Each
of the appellees signed a promissory note, payable to Commercial State Bank.  The notes were secured by deeds of trust on
the properties, and the deeds of trust were all filed in the real property
records of Harris County between April 5 and May 23, 2006.

          The appellees
contracted with Middlebrook General Contractors, Inc., d/b/a Tradewerkes
General Contractors to construct residential homes on the properties.  Middlebrook later contracted with Texan
Drywall to supply labor and materials and to install drywall.  Texan Drywall began and completed its work in
February 2007.  On March 28, 2007, Texan
Drywall filed affidavits with the Harris County District Clerk claiming
materialman’s liens against each of the properties, and it sent the required
notices to the appellees in their capacity as the property owners and to Middlebrook.  Texan Drywall claimed statutory and
constitutional lien rights against the real property and improvements,
including labor, materials, and equipment needed to install drywall.  The notices instructed the owners to retain
10% of the contract price or 10% of the value of the work performed by the
contractor during construction and for 30 days after completion of
construction.

          The property
owners defaulted on the notes, and Commercial State Bank foreclosed on its deed
of trust liens.  The properties were sold
and the proceeds were applied to the remaining loan balances, leaving no remaining
funds to satisfy Texan Drywall’s materialman’s liens.

After Middlebrook failed to pay Texan
Drywall for work completed on the owners’ properties, Texan Drywall sued Middlebrook,
Joseph P. Middlebrook, and the property owners to establish and to foreclose on
the materialman’s liens.  The owners
moved for summary judgment on the grounds that Texan Drywall had not properly
perfected its materialman’s liens and that the liens were extinguished by the
foreclosure of Commercial State Bank’s deed of trust liens.  The trial court granted the motion in favor
of the owners and entered a take-nothing judgment against Texan Drywall.  The trial court granted the owners’ unopposed
motion to sever Texan Drywall’s claims against them, thereby making the
judgment final as against the owners.  On
appeal, Texan Drywall argues that the trial court erred in granting summary
judgment on its suit to foreclose the liens and on its breach of fiduciary duty
claim.

Analysis

We review a trial court’s summary judgment
decision de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex.
2005).  To prevail, the movant has the
burden of proving that there is no genuine issue of material fact and that it
is entitled to judgment as a matter of law. 
Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548–49 (Tex. 1985); see Tex. R. Civ. P. 166a(c).  A defendant moving for summary judgment must conclusively
negate at least one essential element of each of the plaintiff’s causes of
action or conclusively establish each element of an affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  A matter is conclusively
established if reasonable people could not differ as to the conclusion to be
drawn from the evidence.  See City of Keller v. Wilson, 168 S.W.3d
802, 816 (Tex. 2005).  In deciding
whether there is a disputed issue of material fact precluding summary judgment,
we take as true evidence favorable to the non-movant, indulging every
reasonable inference and resolving any doubts in its favor.  Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). 
If the order granting summary judgment does not specify the grounds on
which it was granted, the appealing party must demonstrate on appeal that none
of the proposed grounds is sufficient to support the judgment.  Rogers
v. Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989); Tilotta v. Goodall, 752 S.W.2d 160, 161
(Tex. App.—Houston [1st Dist.] 1988, writ denied).  Because the trial court in this case did not
specify the ground upon which it relied for its ruling, we will affirm if any
theory advanced by the owners in their summary-judgment motion is
meritorious.  See Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 157 (Tex.
2004).

I.                 
Priority of liens

In its first issue, Texan Drywall argues that summary
judgment was improper because it perfected valid materialman’s liens against
the owners’ properties.  It contends that
these liens were superior to, and therefore not extinguished by, Commercial
State Bank’s deed-of-trust liens.  The owners
argued in their summary judgment motion that Texan Drywall had not perfected
valid materiaman’s liens because there was no evidence that it filed the
required affidavits within 30 days of the earlier date of the completion,
termination, or abandonment of the contract. 
See Tex. Prop. Code Ann. 53.103(b) (West 2007).  The owners argued alternatively that even if
the materialman’s liens were perfected, the foreclosure of Commercial State
Bank’s deed of trust liens extinguished Texan Drywall’s liens. 

Because the order of priority of Texan
Drywall’s materialman’s liens
and Commercial State Bank’s deed-of-trust lien is dispositive, we consider this issue first.  For this purpose, we assume, without deciding,
that Texan Drywall properly perfected the materialman’s liens.  A mechanic’s and materialman’s lien is
subordinate to a lien existing on land at the time of the inception of the
mechanic’s lien.  Id. § 53.123.  Accordingly, to
determine the priority of liens,
we must first examine the summary-judgment evidence to determine when Commercial
State Bank’s lien attached to the properties and the time of the inception of Texan
Drywall’s materialman’s liens.  See Diversified Mortg. Investors v.
Lloyd D. Blaylock Gen. Contractor, Inc., 576 S.W.2d 794, 800 (Tex. 1978); GCI GP, LLC v. Stewart Title Guaranty Co., 290 S.W.3d 287, 295
(Tex. App.—Houston [1st Dist.] 2009, no pet.). 

The time of inception of a properly perfected
materialman’s lien is the earlier of either (1) the commencement of a
lienholder’s construction of improvements on the property or (2) the lienholder’s
delivery of materials to the land on which the improvements are to be located
and on which the materials are to be used.  Tex. Prop. Code Ann. § 53.124(a) (West 2007).  If there is a
general contract regarding the construction of improvements to the property,
the courts apply the relation-back doctrine to determine the time of a lien’s
inception. Oriental Hotel v. Griffiths, 33 S.W. 652, 653 (Tex. 1895). 
Under the relation-back doctrine, the time of inception of all
materialman’s liens created will be the date the contract was executed if there
is a general construction contract between the owner and a contractor.  McConnell v. Mortg. Inv. Co. of El Paso, 305 S.W.2d 280, 283 (Tex.
1957).

In this case, there was no evidence of a general
construction contract, and the uncontroverted summary-judgment evidence
established that Texan Drywall delivered materials and performed work on the
properties in February 2007.  Although
Texan Drywall discusses the relation-back doctrine in its brief, it does not
explain how it applies to this case.  The
affidavits claiming materialman’s liens on the owners’ properties were all
filed on March 28, 2007.  Accordingly,
the inception of Texan Drywall’s liens
was in February 2007, on the date that it began delivering materials and making improvements to the properties.  See Tex.
Prop. Code Ann. § 53.124(a).

Commercial State Bank’s deed-of-trust liens were
in existence prior to the inception of Texan Drywall’s materialman’s liens, and
they were all recorded between April 5 and May 23, 2006.  Because Commercial State Bank’s interests were
in existence prior to Texan Drywall’s liens, they are superior to Texan
Drywall’s interests.  See id. § 53.123(a).  When Commercial State Bank foreclosed on the properties,
all junior liens, including the materialman’s liens, were extinguished.  See
Diversified Mortg. Investors, 576 S.W.2d at 808; Jones v. Bank United of Tex., FSB, 51 S.W.3d 341, 344 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied) (holding that junior lien was
extinguished after senior lienholder foreclosed).  Accordingly, we hold that the trial court did
not err in granting summary judgment in favor of the owners.  See Diversified Mortg. Investors, 576 S.W.2d at 808.  Texan Drywall’s first issue is overruled.

II.              
Breach of fiduciary duty

In its second issue, Texan Drywall
contends the trial court erred in granting summary judgment on its claim for
breach of fiduciary duty.  Rule 38.1 of
the Rules of Appellate Procedure requires an appellate brief to include a
“clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record. 
Tex. R. App. P. 38.1(i).  This issue is entirely unsupported by argument
and appropriate citation to authorities and to the record.  Id.;
see Republic Underwriters, Ins. Co. v.
Mex-Tex, Inc., 150 S.W.3d 423, 427 (Tex. 2004).  Accordingly, we hold that Texas Drywall has
inadequately briefed this issue and, thus, has waived it.  See Tex. R. App. P. 38.1(i); see also Stephens v. Dolcefino, 126 S.W.3d 120, 129 (Tex. App.—Houston [1st
Dist.] 2003), pet. denied, 181 S.W.3d
741 (Tex. 2005).  Texan Drywall’s second
issue is overruled.

Conclusion

          We
affirm the judgment of the trial court.

 

 

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel consists of Justices Keyes,
Sharp, and Massengale.